


DOCKET NO. 1388

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE CRUCIFEROUS SPROUT PATENT LITIGATION

*BEFORE WM. TERRELL HODGES, CHAIRMAN, LOUIS C. BECHTLE, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS AND D. LOWELL JENSEN, JUDGES OF THE PANEL*

### TRANSFER ORDER

This litigation presently consists of six actions in the following federal districts: two actions in the District of Maryland and one action each in the Eastern District of California, Middle District of Tennessee, Western District of Washington and Eastern District of Wisconsin. Before the Panel is a motion by plaintiffs in all actions, Johns Hopkins University and Brassica Protection Products, LLC, to centralize, pursuant to 28 U.S.C. §1407, all actions in the District of Maryland for coordinated or consolidated pretrial proceedings. Defendants in four actions agree that centralization is appropriate; defendants also ask the Panel (or the transferee court) to stay discovery until after a *Markman* hearing is held and an interlocutory appeal, if requested, of the claim construction is ruled upon. Responding defendants in the Tennessee and Washington actions and in one Maryland action support centralization in the District of Maryland, while defendants in the California action suggest either the District of the District of Columbia or the Western District of Washington as transferee district. Defendants in the Wisconsin action oppose Section 1407 centralization.

On the basis of the papers filed and the hearing held, the Panel finds that all actions in this litigation involve common questions of fact arising out of allegations concerning the validity and enforceability of the same three U.S. patents relating to the preparation of food products with chemoprotective potential from cruciferous seeds. Centralization under Section 1407 in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. We leave to the discretion of the transferee judge all issues relating to the conduct of pretrial proceedings, including any suggestions by the parties concerning the conduct of discovery and claim construction.

Opposing Wisconsin defendants argue that the presence of individual questions of fact as well as the likelihood of differing legal theories should militate against Section 1407 proceedings. We disagree. Indeed, we point out that centralization of all actions for coordinated or consolidated pretrial proceedings has the salutary effect of placing all the related actions before a single judge who

-2-

can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. Moreover, the judicious use of lead and liaison counsel will ameliorate any inconvenience to the involved parties.

We are persuaded that centralization of this litigation in the District of Maryland is appropriate. We note that i) most parties agree that centralization in the Maryland court is appropriate, and ii) pertinent documents and witnesses are likely located in or near this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending outside the District of Maryland be, and the same hereby are, transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable William M. Nickerson for coordinated or consolidated pretrial proceedings with the actions pending there.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

## *MDL-1388 -- In re Cruciferous Sprout Patent Litigation*

### Eastern District of California

*Brassica Protection Products, LLC, et al. v. Banner Mountain Sprouts, et al.*,
C.A. No. 2:00-2197   WHN-01-443

### District of Maryland

*Brassica Protection Products, LLC, et al. v. Chau Minh Do*, C.A. No. 1:00-2950
*Brassica Protection Products, LLC, et al. v. Edrich Farms, Inc., et al.*,
C.A. No. 1:00-2951

### Middle District of Tennessee

*Brassica Protection Products, LLC, et al. v. International Specialty Supply, et al.*,
C.A. No. 2:00-89   WHN-01-444

### Western District of Washington

*Brassica Protection Products, LLC, et al. v. Harmony Farms, et al.*,   WHN-01-445
C.A. No. 2:00-1544

### Eastern District of Wisconsin

*Brassica Protection Products, LLC, et al. v. Sunrise Farms, et al.*, C.A. No. 2:00-1315
WHN-01-446