UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
WILLIAM M. NICKERSON
UNITED STATES DISTRICT JUDGE

March 2, 2001

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-9810
FACSIMILE (410) 962-2577

MEMO TO COUNSEL

   In Re Cruciferous Sprout Patent Litigation - MDL-1388

Dear Counsel:

   Enclosed please find a copy of an initial scheduling order I am entering today. The order is generally based upon form 41.2 in the Manual for Complex Litigation, Third. I thought that it might be helpful if I supplemented the order with the following comments.

   1. The proposed agenda items included in Attachment B are quite preliminary. I am very interested in any items you believe should be added to the agenda and would appreciate your submitting to me a list of any such items on or before April 2, 2001. I may also add items to the list on my own.

   2. As noted in the order, the initial scheduling conference is scheduled for April 6, 2001, at 11:00 a.m. in Courtroom 3C in the federal courthouse in Baltimore.

   3. One provision I have added to the standard order discourages the filing of any additional motions or pleadings until after April 6th. The reason for that provision is to maintain the status quo as far as paperwork is concerned until we have established rules and procedures for docketing.

   4. My designation of counsel in section 3(B) of my order to arrange your initial meetings is not intended to suggest that designated counsel should serve as lead counsel, liaison counsel, or on a steering committee, if one is established. Selection of lead counsel, liaison counsel and a steering committee will be discussed at the April 6th conference.

   5. Another item we should discuss on April 6th is the application of our Local Rules. In paragraph 4(A) of my order, I have already suspended one of our Local Rules requiring parties to be represented by a lawyer who has been formally admitted to our bar. Our Local Rules appear on our website, which can be accessed at www.mdd.uscourts.gov. From there, click on "Resources," "Court Documents" and "Rules and Procedure." Hard copies can also be purchased from the following companies:

| | | |
|---|---|---|
| The Daily Record<br>(410)752-3849 | Gremlin Press<br>(410) 255-8811 | Lawyers' Coop<br>1-716-546-5530 |
| Michie Company<br>1-804-972-7600 | Rules Service Co.<br>(301)424-9402 | West Publishing Co.<br>1-800-328-9352 |

We have not adopted the Uniform Numbering System, but we have prepared a cross-index between the Uniform Numbering System and our numbering system. Unfortunately, due to a printing error, this cross-index was omitted from the most recent publication of the Rules. I have enclosed a copy of the index which was published with the last edition of the Rules. Few changes to our Rules have been made since the cross-index was published.

      6. I have been advised that the Administrative Office of the Courts has approved utilization of the electronic Integrated Case Management System for this litigation. This will provide us with considerable assistance and efficiency. All counsel will be provided with materials and instructions on the use of the system.

      7. Claudia Gibson of our Clerk's Office will be responsible for supervising the docketing in these cases. My secretary's name is Christina Ergott.

      I look forward to seeing you on April 6.

                                Very truly yours,

                                William M. Nickerson
                                United States District Judge

WMN:ce

Enclosures:   Order No. 1
                    Cross Index

cc:     Felicia Cannon, Clerk of the Court
        Claudia Gibson, Docketing Supervisor
        MDL Panel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE CRUCIFEROUS SPROUT  :
patent litigation         :           MDL 1388
                          : : : : : : : : : : : : :

ORDER NO. 1
Initial Conference

1. **Initial Conference.** All counsel shall appear for a conference on the **6th day of April, 2001 at 11:00 a.m.** at the United States Courthouse, Courtroom 3C, 101 West Lombard Street, Baltimore, Maryland.

    (A) **Attendance.** To minimize costs and facilitate a manageable conference, parties are not required to attend the conference, and parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue or service.

    (B) **Service List.** This order is being mailed to the persons shown on Attachment A, which has been prepared from the list of counsel making appearances with the Judicial Panel on Multidistrict Litigation. Counsel on this list are requested to forward a copy of the order to other attorneys who should be notified of the conference. A corrected service list will be prepared after the conference.

    (C) **Other Participants.** Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts are invited to attend in person or by counsel.

2. **Purposes; Agenda.** The conference will be held for the purposes specified in Fed. R. Civ. P. 16 and 26(f). A tentative agenda is appended as Attachment B. Counsel are encouraged to advise the court on or before **April 2, 2001,** of any items that should be added to the agenda.

3. **Preparations for Conference.**

    (A) **Procedures for Complex Litigation.** Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Third, and be prepared at the conference to suggest procedures that will facilitate the just, speedy and inexpensive resolution of this litigation.

    (B) **Initial Conference of Counsel.** Before the conference, counsel shall confer

and seek consensus to the extent possible with respect to the items on the agenda and any items they believe should be on the agenda. The court designates Paul Mark Sandler and Philip M. Andrews to arrange the initial meetings of plaintiffs' and defendants' counsel, respectively. After those initial meetings a joint meeting of all counsel should be held.

(C) **Preliminary Reports.** Counsel will submit directly to chambers by **April 2, 2001,** a brief written statement indicating their preliminary understanding of the critical factual and legal issues, along with a concise and objective overview of the technical matters involved, including definitions of any key terms and concepts. These statements will not be filed with the clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings.

(D) **List of Pending Motions.** Counsel's statement shall list all pending motions.

(E) **List of Related Cases.** Counsel's statement shall list all related cases pending in state or federal court and their current status, to the extent known.

(F) **List of Affiliated Companies and Counsel.** To assist the court in identifying any problems of recusal or disqualification, a list of all companies affiliated with the parties and all counsel associated in the litigation should be attached to counsel's statement.

4.  **Interim Measures.** Until otherwise ordered by the court:

    (A) **Admission of Counsel.** Attorneys admitted to practice and in good standing in any United States District court are admitted pro hac vice in this litigation. The provision of Local Rule 101.b requiring a party represented by an attorney who has been admitted pro hac vice to also be represented by an attorney who has been formally admitted to the Bar of this court is hereby suspended.

    (B) **Pleadings.** Each defendant is granted an extension of time for responding by motion or answer to the complaint until a date to be set at the conference.

    (C) **Pending and New Discovery.** Pending the conference, all outstanding disclosure and discovery proceedings are stayed and no further discovery shall be initiated. This order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures, or responding to an outstanding discovery request under Rule 33, 34 or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34 or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

(D) **Preservation of Records.** Each party shall preserve all documents and other records containing information potentially relevant to the subject matter of this litigation. Each party shall also preserve any physical evidence or potential evidence and shall not conduct any testing that alters the physical evidence without notifying opposing counsel and, unless counsel stipulate to the test, without obtaining the court's permission to conduct the test. Subject to further order of the court, parties may continue routine erasures of computerized data pursuant to existing programs, but they shall (1) immediately notify opposing counsel about such programs and (2) preserve any printouts of such data. Requests for relief from this directive will receive prompt attention from the court.

(E) **Orders of Transferor Courts.** All orders by transferor courts imposing dates for pleading or discovery are vacated.

(F) **Suspension of Filings.** Counsel are discouraged from filing any pleadings or motions until after **April 6, 2001.**

5.  **Later Filed Cases.** This order shall also apply to related cases later filed in, removed to, or transferred to this court.

Dated: _____        _____
                              William M. Nickerson
                              United States District Judge

Attachments:   A (Service List)
               B (Agenda)

## ATTACHMENT A

**Counsel for Plaintiffs** Brassica Protection Products & Johns Hopkins University
Paul Mark Sandler
201 E. Baltimore St.
Suite 1500
Baltimore, MD 21202

E. Anthony Figg
Rothwell, Figg, Ernst & Manbeck
555 13th St., NW
Suite 701 East Tower
Washington, DC 20004

**Counsel for Defendants**

| | |
|---|---|
| Philip M. Andrews<br>Kramon & Graham<br>Commerce Place, Ste. 2600<br>One South Street<br>Baltimore, MD 21201 | Edrich Farms, Inc.; Edward B. Stanfield, III;<br>Edward F. Stanfield, Jr.; Richard Stanfield; and<br>Sally F. Stanfield |
| Delbert J. Barnard<br>Barnard & Pauly<br>P.O. Box 58888<br>Seattle, WA 98138 | Harmony Farms; Greg Lynn; and Lorna Lynn |
| Chau M. Do<br>16220 Compromise Court<br>Mount Airy, MD 21771 | Chau Minh Do |
| International Specialty Supply<br>820 E. 20th St.<br>Cookeville, TN 38501 | International Specialty Supply |
| Joseph A. Kromholz<br>Ryan, Kromholz & Manion<br>P.O. Box 26618<br>Milwaukee, WI 53226 | Becky Crikelair; Frank Crikelair; and Sunrise Farms |
| Robert L. Rust<br>820 E. 20th Street<br>Cookeville, TN 38501 | Robert L. Rust |

| | |
|---|---|
| Donald W. Ullrich, Jr.<br>424 32nd Street<br>P.O. Box 160007<br>Sacramento, CA 95816 | Banner Mountain Sprouts; Banner Mountain Sprouts, Inc., and Lawrence Ravitz |

## ATTACHMENT B

1. Selection of lead counsel, liaison counsel and steering committee
2. Identification of common issues
3. Identification of issues requiring prompt resolution
4. Estimate of number of federal cases expected to be filed
5. Discussion of strategic scheduling goals
6. Establishment of a short-term schedule
7. Discussion of electronic filing and management
8. Discussion of application of Local Rules