IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: CRUCIFEROUS SPROUT PATENT    *
LITIGATION
                                                 *    MDL 1388

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER NO. 2

An initial conference of all counsel was held on April 27, 2001 in open court. All parties were provided an opportunity to be heard by the Court and arguments of counsel were presented. Upon consideration of the proceedings, it is hereby ORDERED:

1.    No steering committee or committees of counsel shall be required to be established during the pendency of this litigation.

2.    The Court hereby designates Paul Mark Sandler as liaison counsel for the Plaintiffs and designates Philip M. Andrews as liaison counsel for the Defendants. The Court designates E. Anthony Figg as lead counsel for the Plaintiffs and designates Philip M. Andrews as lead counsel for the Defendants. Mr. Figg and/or Mr. Andrews may, from time to time, designate such other attorneys as may be appropriate to serve in the capacity as lead counsel during depositions and during further proceedings before this Court.

3.    Lead and Liaison Counsel shall be appropriately compensated for the work that they do on behalf of the respective Plaintiffs and Defendants. Lead and Liaison Counsel for Plaintiffs shall be compensated by Plaintiffs as agreed upon between Plaintiffs and Plaintiffs' Lead and Liaison Counsel. Lead and Liaison Counsel for Defendants shall be compensated by Defendants as agreed upon between Defendants and Defendants' Lead and Liaison Counsel. If agreement cannot be reached on a method for periodically paying attorneys for services

rendered as Lead or Liaison Counsel and for reimbursing attorneys for expenses incurred in those capacities, the matter will be presented to the Court for resolution.

4. On May 11, 2001, Plaintiffs and Defendants shall simultaneously file memoranda setting forth the respective parties' detailed recommendations, and legal authority, for the format and scheduling of future proceedings in this litigation.

5. Liaison counsel shall participate in a telephone conference with the Court on the last business day of each month commencing at 9:00 a.m. Liaison counsel are to initiate the conference call. Other counsel for the parties may participate in the teleconference in addition to liaison counsel as the parties deem appropriate. The first telephone conference shall be held on May 31, 2001 at 9:00 a.m.

6. All motions, with exception of the motions for partial summary judgment filed by Defendant Harmony Farms, are deemed to have been filed as of the date of this Order and the time for responses shall commence as of the date of this Order. Responses shall be due in accordance with the normal time periods mandated by the rules of the United States District Court for the District of Maryland.

7. Defendant Harmony Farms shall supplement its Motions For Summary Judgment within thirty (30) days from the date of this Order. The Plaintiffs' response thereto shall be due in accordance with the normal time periods mandated by the rules of the United States District Court for the District of Maryland and the time for filing responses shall not commence running until the filing of new or supplemental motions for summary judgment.

8. Discovery shall remain stayed pending receipt of the parties' simultaneous submission in accordance with paragraph 4 of this Order and until such time as this Court directs that discovery shall commence. In the event any party believes that discovery is needed

during the stay period, written application must be made to the Court for leave to proceed before any discovery may be permitted.

_____  
Dated

_____  
William M. Nickerson, United States District Judge

APPROVED AS TO FORM:

_____  
Paul Mark Sandler  
Attorney for Plaintiffs

_____  
Philip M. Andrews  
Attorney for Defendants

C:\My Documents\Brassica\Pleading\order 2.doc