Joseph A. Kromholz WI Bar No. 1,002,464
Daniel R. Johnson, WI Bar No. 1,033,981
RYAN KROMHOLZ & MANION, S.C.
P. O. Box 26618
Milwaukee, Wisconsin 53226-0618
Telephone: (262) 783-1300
Facsimile: (262) 783-1211

Attorneys for Defendants
SUNRISE FARMS, FRANK AND BECKY CRIKELAIR

## In The United States District Court
## District of Maryland

| | |
|---|---|
| ) | **Docket No. MDL 1388** |
| ) | |
| In re: Cruciferous Sprout Patent Litigation ) | **Defendant Sunrise Farms, Frank And Becky Crikelair Brief in Opposition To Plaintiff's Motion To Strike Affirmative Defenses and to Dismiss Counterclaims** |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |

## Defendant Sunrise Farms, Frank And Becky Crikelair Brief in Opposition To Plaintiff's Motion To Strike Affirmative Defenses and to Dismiss Counterclaims

Brassica Protection Products LLC and Johns Hopkins University ("the plaintiffs") have charged Sunrise Farms, Inc., and Frank and Becky Crikelair ("Sunrise" and "the Crikelairs") with the infringement of U.S. Patent Nos. 5,725,895 ("the '895 patent"), 5,968,567 ("the '567 patent"), and 5,968,505 ("the '505 patent") (collectively, "the patents-in-suit").

The plaintiffs seek to strike several relevant affirmative defenses and dismiss certain counterclaims. Among the affirmative defenses that the plaintiffs seek to strike are certain affirmative defenses that the Court of Appeals for the Federal Circuit negatively addressed in Pioneer Hi-Bred

Int'l, Inc. v. J.E.M. Ag Supply, Inc., 200 F.3d 1374, <u>cert granted</u>, 531 U.S. ____ (2001) (a case that plaintiffs cited as <u>cert. denied.</u>).   Because the United States Supreme Court has granted certiorari to <u>Pioneer</u>, the particular affirmative defenses cited by the Plaintiffs as not being germane based upon <u>Pioneer</u> remain relevant.  Although Defendants full position with respect to <u>Pioneer</u> is laid out in greater detail below, the Defendants will agree to modify their pleadings, if necessary, in accord with the rulings made by the Supreme Court in <u>Pioneer</u>, when said rulings are made.  Because no final ruling with regard to the relevancy of said defenses has been made, the affirmative defenses remain relevant and the plaintiffs motion must be denied.

## I.          Standards for Judging Motions to Strike

A Complaint, and by logical extension an answer raising a counterclaim or an affirmative defense, should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief. See <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); <u>Labram v. Havel</u>, 43 F.3d 918, 920 (4th Cir. 1995). The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim. In evaluating such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the non-moving parity, in this case Sunrise and the Crikelairs. See <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421-22, 23 L. Ed. 2d 404, 89 S. Ct. 1843 (1969). In essence, the legal theory articulated, or even suggested, by the non-moving party must be one that could not be the basis for a ruling in that party's favor. "In deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial,

[1] it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." <u>Lipsky v. Com.United Corp.</u>, 551 F2d 887, 893 (2nd Cir. 1976).

The evidence noted herein demonstrates that the affirmative defenses raised by Sunrise and the Crikelairs are relevant.  None of the Affirmative Defenses should be stricken.

---

[1] Plaintiffs do not appear to argue that the pleadings are redundant or scandalous as those terms are used in F.R.C.P. 12(f), so those issues are not addressed here.

II.      **Plaintiffs Are Estopped From Asserting that Sunrise or the Crikelairs Offered to Sell, Sold, or Used Within the United States a Product Which is Made by the Claimed Methods of Plaintiffs Patents (Affirmative Defense II)**

Under the liberal notice pleading rules of Fed.R.Civ.P. 8, Sunrise is in the position of ascertaining the breadth of Plaintiff's complaint. To that end, Sunrise must set forth all affirmative defenses in the pleadings, or risk waiving those defenses. Fed.R.Civ.P. 8(c); *see also* Williams v. Ashland Engineering Co., 45 F.3d 588, 593 (1st Cir.), cert. denied, 516 U.S. 807 (1995)("generally speaking, a party must set forth all affirmative defenses in the pleadings, on pain of possible forfeiture.") *See also* AllState Ins. Co. v. Hague, 449 U.S. 302, 327 (Stevens, J., concurring)(commenting on Supreme Court's desire to prevent unfair surprise.)

Instead of waiving defenses that are available, detailed pleading of affirmative defenses is a general requirement for factual matter that would come as a surprise at trial. *But see* Allied Chemical Corp. v. Mackay, 695 F.2d 854, 855-56 (5th Cir. 1983)("Where the matter is raised in the trial court in a manner that does not result in unfair surprise . . . technical failure to comply precisely with Rule 8(c) is not fatal.") Instead of waiving available defenses, the affirmative defenses plead herein are detailed in safe compliance with the rules of pleading, and detail defenses that are, or could have been, relevant to this case.

This is a patent infringement case alleging infringement of unidentified claims of the patents-in-suit. Most of the claims are method claims. To the extent that the Complaint can reasonably be understood, the Plaintiffs have alleged that offers to sell, sales, and uses of broccoli sprouts by Sunrise infringe the claims of the patents-in-suit. Such an allegation necessarily implicates 35 U.S.C. § 271(g), which provides that:

> Whoever without authority imports into the United States **or** offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer, if the importation, offer to sell, sale, or use of the product occurs during the term of such process patent.
> [2] (emphasis added).

---

[2] Plaintiffs refer to the legislative history of 35 U.S.C. § 271(g) for the proposition that 35 U.S.C. § 271(g) applies to **only** off-shore manufacture and subsequent importation into the United States. *See* Pl. Brief at p. 7 (emphasis added).

It was quite reasonable for the Defendants to understand that the Complaint covered infringement under 35 U.S.C. § 271(g). However, Plaintiffs state in their brief in support of their motion to dismiss that "a claim under [35 U.S.C.] § 271(g) [is] irrelevant under the present circumstances." Pl. Brief, p.7. It is the Defendants position that this is an explicit waiver of 35 U.S.C. § 271(g). Because Plaintiffs have explicitly waived 35 U.S.C. § 271(g), Plaintiffs are now estopped from asserting infringement under 35 U.S.C. § 271(g).

Accordingly, understanding that the Plaintiffs have explicitly waived any claim under 35 U.S.C. § 271(g), to the extent that Affirmative Defense II is relevant only to a claim under 271(g), Defendants shall hold such defense in abeyance.

III.     **The United States Supreme Court Will Decide Whether the Plant Variety Protection Act (PVPA) Precludes Utility Patents Directed to Plants (Affirmative Defenses VII – IX, X, XX(l))**

On 20 February 2001, the United States Supreme Court granted certiorari in Pioneer Hi-Bred Int'l, Inc. v. J.E.M. Ag Supply, Inc., 200 F.3d 1374, 53 U.S.P.Q.2d 1440 (Fed. Cir. 2000) cert granted, 531 U.S. ____ (2001). In Pioneer, the Federal Circuit held that "the PVPA does not purport to remove plants from the patent statute." Id. at 1376. The Federal Circuit also addressed and rejected the argument in Pioneer that "the history of plant protection legislation shows that plants were never intended to be included in the patent statute. The . . . existence of the PPA and the PVPA precludes application to plants of 35 U.S.C. § 101, citing the rule of construction that a general statute must give way to a specific one." Id. at 1376. There is no dispute that Plaintiffs do not have a plant patent under 35 U.S.C. §§ 161-62. It is these holdings of the Federal Circuit that the Supreme Court will squarely address during the October 2001 term when it decides Pioneer.

Importantly, in Pioneer, as well as Diamond v. Chakrabarty, 447 U.S. 303 (1980), the patents-in-suit were directed at *genetically modified* plants. This is in direct to contrast to the present case where

---

However, it is an elementary canon of statutory construction that reference to legislative history does not supplant the clear language of the statute itself. Further, the Process Patent Amendments Act of 1988 (PPAA), which was codified in scattered sections of Title 35 including 271(g), very specifically provides that it "shall apply only with respect to products made **or** imported after the effective date of the amendments made by this subtitle." (emphasis added) Process Patent Amendments Act of 1988, Pub. L. No. 100-418, § 9006(a), 102 Stat. 1107, 1567 (1988). Therefore, Plaintiffs' assertion that 271(g) applies only to instances of importation of products is incorrect.

the purported inventors did **not** make an inventive step of genetically modifying their seeds. Instead, the seeds used by plaintiffs "are completely natural." *See* Exhibit A, *Brocco Sprouts* advertising literature. In this case, there has been no "work of [a] plant breeder 'in aid of nature'. . . ." Chakrabarty, 447 U.S. at 312. Indeed, none of the method steps recited in the claims of the patents-in-suit appear to recite any steps "in aid of nature."

In this case, Sunrise asserts that "Brassica and Johns Hopkins cannot preclude the sexual reproduction of plants under the Plant Variety Protection Act and Amendments of 1994[,] the broccoli sprouts produced by Sunrise Farms, Inc. are sexually reproduced, and are not asexually reproduced [and that] Sunrise Farms, Inc. is entitled to grow, use, offer to sell and sell its sexually reproduced sprouts." Sunrise Answer, ¶¶ VII–IX. These defenses substantially overlap with defenses raised in Pioneer, and also support other enumerated defenses in this case related to 35 U.S.C. § 101. *See, e.g.,* Funk Bros. Seed v. Kalo Innoculant, 333 U.S. 127, 131 (1948) ("Discovery of the fact that certain strains of each species of these bacteria can be mixed without harmful effect to the properties of either is a discovery of their qualities of non-inhibition. **It is no more than the discovery of some of the handiwork of nature and hence is not patentable**." (emphasis added.)) *See also*, Cochrane v. Badische Anilin Soda Fabrik, 111 U.S. 293 (1864) (chemical compound produced in nature not

The Supreme Court will soon directly address the holdings of the Federal Circuit in Pioneer. For this reason, and because affirmative defenses VII–IX also relate to 35 U.S.C. § 101, striking affirmative defenses VII–IX would be grossly premature, and these defenses are not beyond argument as Plaintiffs assert.

## IV.    Evidence of Substantial Preparation Is Admissable and Relevant to Anticipation and Obviousness (Affirmative Defenses III–V)

Sunrise Farms, Inc. will introduce evidence that prior to January 1, 1988, Sunrise Farms, Inc.:

- made substantial preparation for use and sale of sprouts of any variety;

- invested substantial sums of money to build the plant used to make the broccoli sprouts;

- expended substantial research to refine the method it uses to grow sprouts. (Affirmative Defenses III–V).

Although evidence of the foregoing defenses can be used to prove the elements of the "grandfather" provisions of the Process Patents Amendments Act ("PPAA"), the evidence is also directly relevant to anticipation under 35 U.S.C. § 102 and obviousness under 35 U.S.C. § 103. The evidence of these affirmative defenses is relevant, and will be introduced for all of these purposes should the Court determine that Plaintiffs can still assert that Sunrise has offered to sell, has sold, or has used within the United States a product which is made by a process patented in the United States.

Sunrise Farms, Inc. has utilized substantially the same method of preparing food products since at least January 1, 1988. Although the Plaintiffs do not know many aspects of Sunrise's sprout growing methods because of a failure to investigate Sunrise's actual sprout growing methodologies, Sunrise uses virtually the same method to produce sprouts that it has used for approximately 20 years. This will be direct evidence of anticipation of the method steps of the claims of the patents-in-suit, which require germination of seeds and harvest of sprouts prior to the two-leaf stage. 35 U.S.C. § 102.

This will also be direct evidence of the obviousness of the claims of the patents-in-suit. 35 U.S.C. § 103. 35 U.S.C. § 103 requires, amongst other factors, a determination of the scope and content of the prior art and a determination of the differences between the prior art and the claims at issue. Clearly Sunrise's sprouts and Sunrise's methods of growing sprouts and use of prior art sprout growing apparatus' such as those disclosed in U.S. Pat. No. 4,223,688 or U.S. Pat. No. 4,642,939, or U.S. Pat. No. 3,911,619, are relevant to determining the scope and content of the prior art, and the differences between the prior art and the claims at issue.

Because evidence in support of Affirmative Defenses III–V is clearly relevant to 35 U.S.C. § 102 and obviousness under 35 U.S.C. § 103, in addition to the Grandfather Clause of the PPAA should the Court deem that Plaintiffs have not waived the issue, Affirmative Defenses III–V should not be stricken from the pleadings.

### I.        Plaintiffs Do Not Know What Methods Defendants Used to Produce Sprouts Because Plaintiffs Failed to Conduct a Reasonable Pre-Filing Investigation (Affirmative Defenses XI-XIV and XIX)

Affirmative Defenses XI-XIV and XIX set forth shortcomings in Plaintiff's pre-filing

investigation that shift the burden to Plaintiffs to establish that Sunrise's sprouts were made by the claimed methods of the patents-in-suit. Plaintiffs answer to Defendants counterclaims expressly admits that "no person or entity representing Brassica or Johns Hopkins has ever inspected or sought inspection of Sunrise Farms, Inc.'s physical facilities used to manufacture broccoli sprouts." See Plaintiffs' Answer to Sunrise's Counterclaims at paragraph 42, page 3.

35 U.S.C. § 295 provides:

> In actions alleging infringement of a process patent based on the importation, sale, offer for sale, or use of a product which is made from a process patented in the United States, if the court finds -
> (1) that a substantial likelihood exists that the product was made by the patented process, **and**
> (2) that the plaintiff has made a reasonable effort to determine the process actually used in the production of the product and was unable to so determine,
> the product shall be presumed to have been so made, and the burden of establishing that the product was not made by the process shall be on the party asserting that it was not so made. (Emphasis added.)

Whether burden shifting is appropriate subject matter of a pleading is likely a matter of style. Again, pleading on the safe side, burden shifting is appropriate to avoid waiver or an allegation of surprise. However, burden shifting is most definitely relevant to this case and for this reason Affirmative Defenses XI-XIV should not be stricken from the Answer.

Before filing a suit, a lawyer must conduct a reasonable inquiry to determine whether patent infringement claims have substance. View Engineering, Inc. v. Robotic Vision Systems, Inc., 208 F.3d 981 (Fed. Cir. 2000) ("the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement.") The Plaintiffs, as noted above, admit that they made no investigation to determine the process actually used in the production of the product. Instead, without investigation they sued Defendants. Obviously Affirmative Defenses XI-XIV meet the minimum relevancy threshold on this basis alone.

There is no requirement that the Defendants bring a rule 11 motion at this time. However, Defendants do know that Plaintiffs did not make *any* effort to determine the processes actually used

in the production of Sunrise's sprouts. The claims of the patents-in-suit are mostly method claims. Yet, prior to filing suit, the Plaintiffs knew nothing about the actual methods Sunrise used to produce its sprouts. Notice is a prerequisite to Rule 11 motions, and Plaintiffs must be placed on notice that the scope and breadth of Plaintiffs' pre-filing investigation will be an important issue in this case. *See generally* <u>Allied Chemical Corp.</u> (cautioning against unfair surprise.) *See also* <u>Allstate</u>, 449 U.S. at 327 (Stevens, J., concurring)(commenting on Supreme Court's desire to prevent unfair surprise.) Certainly, the present affirmative defense puts the Plaintiffs on notice with regard to the position of the Defendants.

Further, Plaintiffs unfounded claims of infringement sound in abuse of process. Restatement Torts 2nd states as section 674 that: "One who takes an active part in the initiation, continuation or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings if (a) he acts without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based, and (b) except when they are ex parte, the proceedings have terminated in favor of the person against whom they are brought." The Defendants believe that the present lawsuit was brought by Plaintiffs to force Defendants into an unfavorable licensing arrangement and not because the Plaintiffs had, upon reasonable investigation, a genuine belief that Defendants were infringing the patents-in-suit. It is axiomatic that Defendants are allowed to plead facts that if found to be true will defeat Plaintiffs claims or at least mitigate Plaintiffs claims of harm and damages. Pleading facts which demonstrate a lack of required preliminary investigation go directly to the basis upon which the present lawsuit was brought, the damages sought, and whether this court should, under 35 USC § 285, find this case to be exceptional and award the Defendants their attorney fees as the prevailing party.

The affirmative defenses are relevant and the Plaintiffs motion should be denied.

## II.    Failure to Consider Cited Prior Art is Relevant to Enforceability of the Patents-In-Suit

In affirmative defense XIX, Sunrise alleges that "[t]he United States Patent and Trademark Office failed to consider cited pertinent prior art as references." The Manual of Patent Examining

Procedure 609 directs a Patent Examiner to line through, and not consider, a prior art reference when the requirements of 37 C.F.R. §1.97 or §1.98 have not been satisfied. Several references cited to the Examiner in this case were apparently not considered because of lined through designations reflected in the prosecution history of the patents-in-suit.

Again, this defense is most definitely relevant to this case. The consideration of the cited, but not considered, prior art in this case may have led the patent examiner to a different conclusion on the issue of patentability. As the Plaintiffs point out, this affirmative defense is relevant to enforceability of the patents-in-suit, and additionally is relevant to one of the core issues in this case: whether the inventors had patentable inventions. For this reason affirmative defense XIX is relevant and should not be stricken. *See generally* Allied Chemical Corp. (cautioning against unfair surprise.) *See also* AllState, 449 U.S. at 327 (Stevens, J., concurring)(commenting on Supreme Court's desire to prevent unfair surprise.)

### III.    Counterclaims of Intervening Rights and Failure to Conduct a Reasonable Pre-Filing Investigation Should Not be Dismissed

Motions to dismiss under Fed.R.Civ.P. 12(b)(6) are only granted when the proponent "can prove no set of facts" entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

An adequate pre-filing investigation would have shown Plaintiffs that Defendants have been practicing the same method of preparing sprouts for over fifteen years (intervening rights). An adequate pre-filing investigation could have prevented this whole litigation. Additionally, Plaintiffs are now on notice of relevant issues in this case and cannot claim unfair surprise. *See* Allstate, 449 U.S. at 327 (Stevens, J., concurring)(commenting on Supreme Court's desire to prevent unfair surprise.) The asserted counterclaims must remain in this case because Defendants may be able to prove a set of facts, such as abuse of process, thereby entitling Defendants to relief.

## IV.    __CONCLUSION__

Plaintiffs' motion must be denied in its entirety.


Respectfully submitted:

Date:  21 May 2001                    Ryan, Kromholz & Manion, S.C.

                          By:  _____
                              /s Joseph A. Kromholz
                              Daniel R. Johnson
                              RYAN KROMHOLZ & MANION, S.C.
                              P. O. Box 26618
                              Milwaukee, Wisconsin 53226-0618

                              Attorneys for Defendants
                              SUNRISE  FARMS,  FRANK  AND  BECKY
                          CRICKELAIR