Joseph A. Kromholz WI Bar No. 1,002,464
Daniel R. Johnson, WI Bar No. 1,033,981
RYAN KROMHOLZ & MANION, S.C.
P. O. Box 26618
Milwaukee, Wisconsin 53226-0618
Telephone: (262) 783-1300
Facsimile: (262) 783-1211

Attorneys for Defendants
SUNRISE FARMS, FRANK AND BECKY CRIKELAIR

**In The United States District Court**
**District of Maryland**

| | |
|---|---|
| In re:  Cruciferous Sprout Patent Litigation | Docket No. MDL 1388<br><br>**Defendant Sunrise Farms, Frank And Becky Crikelair Brief in Opposition To Plaintiff's Motion To Drop the National Institutes of Health From this Action** |

**Defendant Sunrise Farms, Frank And Becky Crikelair Brief in Opposition To Plaintiff's Motion To Drop the National Institutes of Health From this Action**

The plaintiffs seek to have the National Institutes of Health ("NIH") dismissed from this case pursuant to Fed.R.Civ.P. 21. NIH should remain a party in this case because the facts of record do not establish that the NIH is not a necessary party.

The face of re-examination certification for U.S. Patent No. 5,725,895 ("the '895 patent") shows that NIH is the assignee of the '895 patent. Plaintiffs assert that NIH is not the assignee of the

1.

'895 patent. *See* <u>Exhibit A</u>, attached. As a listed assignee without subsequent correction, the face of the '895 patent indicates that NIH, as the recorded assignee, owns the entire right, title and interest in the '895 patent.

### I.       Standards for Judging Misjoinder

NIH is the assignee of the '895 re-examination certificate. Fed.R.Civ.P. 20(a) allows for permissive joinder of NIH. Joinder of parties is generally encouraged in the interest of judicial economy, subject to fulfillment of two prerequisites: the entity to be joined must be interested in claims that arise out of the same transaction or occurrence, or series of transactions or occurrences; and all the parties joined must share in common at least one question of law or fact.

The permissive joinder standard of Fed.R.Civ.P. 20(a) is clearly met by the inclusion of NIH in this case because NIH has an interest in infringement of the '895 patent and because infringement of the '895 patent shares common questions of law and fact.

### II.      An Assignee is a Necessary Party

The Patent Act (the Act) provides that a "patentee" shall have remedy by civil action for patent infringement. 35 U.S.C. § 281. The term "patentee" is defined in the Act under section 100(d) as including not only the patentee to whom the patent issued, but the successors in title to the patentee. This has been interpreted to require that a suit for infringement must ordinarily be brought by a party holding legal title to the patent. *See, e.g.*, <u>Arachnid, Inc. v. Merit Indus., Inc.</u>, 939 F.2d 1574, 1578-79, 19 U.S.P.Q.2D (BNA) 1513, 1517-18 (Fed. Cir. 1991).

Accordingly, an assignee is the patentee and has standing to bring suit for infringement in its own name. *See* 35 U.S.C. § 100(d) (1994). The assignment of legal title in a patent can be conveyed in the form of the entire patent, an undivided part or share of the entire patent, or all rights under the patent in a specified geographical region of the United States (a so called "grant"). *See* <u>Waterman v. Mackenzie</u>, 138 U.S. 252, 34 L. Ed. 923, 11 S. Ct. 334 (1891) (addressing the predecessor patent statute). Any less than a complete transfer of these rights is merely a license, in which case the title remains with the owner of the patent and the suit must be brought in its name. *Id.*

### III.     The Facts of Record Show that NIH is the Assignee of the '895 Patent

An assignment of the entire right, title and interest results in a patent application issuing in the name of the assignee. 37 CFR 3.81. The assignment data printed on the '895 patent shows NIH as the assignee, and therefore shows NIH as the owner of the entire right, title and interest in the '895 patent.

Patents serve a public notice function, which the public is entitled to rely upon. *See* Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd., 234 F.3d 558, 576-77, 56 USPQ2d 1865, 1878 (Fed. Cir. 2000) (en banc) (emphasizing the definitional and public notice functions of patents). The information on the face of the patent, which the public is entitled to rely upon, clearly indicates that NIH, as the recorded assignee, owns the entire right, title and interest in the '895 patent. *See, e.g.,* MPEP § 307 ("Assignment data printed on the patent will be based solely on the information so supplied.")

Although the face of the patent shows otherwise, plaintiffs assert that NIH is not the assignee because of what plaintiffs assert is a simple United States Patent and Trademark Office ("PTO") printing error. However, plaintiffs have not followed the formal administrative steps to correct their asserted error or oversight. "A request for a certificate of correction . . . arising from incomplete or erroneous assignee's name furnished [to the PTO] **will not be granted unless a petition under 37 CFR 1.183 has been granted**." MPEP § 307 (emphasis added)(requiring *inter alia* corrective documentation and recording fee). No such petition appears in the file history of the '895 patent, and it was plaintiffs responsibility to do so. "If there is any error in a recorded document, it is the responsibility of the [patentee] to clarify the record, usually by recording another document which explains and corrects any inconsistency or inaccuracy in the record chain of title." In re Ratny, 24 USPQ2d 1713, 1715 (Comm'r Pats. 1992).

Because the public notice on the face of the re-examination clearly shows that NIH owns the entire right, title and interest in the '895 patent, the complete history of the assignment is reflected therein:

> The Assignment Division has specific, orderly procedures for correcting errors in recorded documents. They require that the party responsible for the erroneous document, i.e. the assignor, either draft and record a new document or make corrections to the original

3.

>document and re-record it. In this way, Office assignment records reflect the complete history of an assignment.
>In re Abacab International Computers, Ltd., 21 USPQ2d 1078 (Comm'r Pats. 1987).

The United States Patent and Trademark Office ("PTO") policy regarding recordation of assignment documents is directed toward maintaining a complete history of claimed interests in property and, therefore, recorded assignment documents will not be expunged even if subsequently found to be invalid. *See* In re Ratny, 24 USPQ2d 1713 (Comm'r Pat. 1992); *see also* Manual of Patent Examining Procedure ("MPEP") § 323.

Because the face of the '895 re-examination certificate lists NIH as the assignee, the public is on notice that NIH owns the entire right, title and interest in the '895 patent.

II.   **CONCLUSION**

NIH appears on the face of the patent to be the owner of the entire right, title and interest in the '895 patent. Without a correction in the PTO to notify the public otherwise, NIH is an assignee and therefore a necessary party to this case. Plaintiffs motion should be denied.

Respectfully submitted:

Date: 21 May 2001                                Ryan, Kromholz & Manion, S.C.

By: _____
/s Joseph A. Kromholz
Daniel R. Johnson
RYAN KROMHOLZ & MANION, S.C.
P. O. Box 26618
Milwaukee, Wisconsin 53226-0618

Attorneys for Defendants
 SUNRISE FARMS, FRANK AND BECKY CRICKELAIR

4.