IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| IN RE CRUCIFEROUS SPROUT LITIGATION | ) ) ) ) | Civil Action No.: MDL-1388 <br> Hon. William M. Nickerson |

**PLAINTIFFS' REPLY MEMORANDUM
IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS
BANNER MOUNTAIN'S COUNTERCLAIMS UNDER FED. R. CIV. P. 12(b)(6)**

Plaintiffs, Brassica Protection Products LLC and Johns Hopkins University ("Brassica"), respectfully submit this reply memorandum in support of their motion to dismiss counterclaim Counts 2 (first and second) through 6[1] of Defendants, Banner Mountain Sprouts, Banner Mountain Sprouts, Inc. and Lawrence Ravitz ("Banner Mountain"), under Fed. R. Civ. P. 12(b)(6). Banner Mountain argues in its opposition brief ("Banner Opposition") that the defects in its counterclaims can be cured by amendment, and thus the counts should not be dismissed. However, even if Banner Mountain were permitted to amend its counterclaims, it still could not frame the counts so that they state claims upon which relief can be granted. Amendment would therefore be futile. Banner Mountain has still failed to establish that it can state a claim upon which relief can be granted, and the Counts 2 (first and second) through 6 should be dismissed.

---

[1] The Defendant has re-numbered the counts in its opposition as Counts II-VII. For clarity, this memorandum will adhere to the numbering of the Answer and Counterclaims, and of the opening memorandum in support of the present motion.

**ARGUMENT**

I. **First Count 2**

This Count alleges violation of the Sherman Act § 1 (15 U.S.C. § 1). As set forth in greater detail in Brassica's opening memorandum, Banner Mountain failed to establish the first element of a § 1 violation, the existence of a conspiracy, and further, Banner Mountain <u>cannot</u> establish a conspiracy among Brassica and the other "co-counterclaim-defendants" for the simple reason that they are not "distinct business entities." <u>See</u> <u>Copperweld Corp. v. Independence Tube Corp.</u>, 467 U.S. 752, 770-771, 104 S. Ct. 2731, 2740-2741 (1984) (conspiracy under § 1 requires the sudden bringing together of independent economic power that was previously pursuing divergent goals).

Banner Mountain has offered no explanation, or suggested any evidence, that could show that the relationship between Johns Hopkins University, Brassica Protection Products LLC, California Sprouts, and the Scholl Group was one of "independent economic powers" that had "previously pursued divergent goals." Banner Mountain offers only the conclusion that they are "most likely" not one and the same legal or economic entity, along with the observation that Brassica did not respond to service on California Sprouts. Banner Opposition, page 5. Not only is Banner Mountain's point unsupported, it is illogical -- the fact that Brassica did not respond on behalf of the other cross and counterclaim-defendants does not show one way or the other whether they were separate economic actors pursuing separate economic interests, the central criteria for a conspiracy under § 1. <u>Bhan v. NME Hospitals, Inc.</u>, 669 F. Supp. 998, 1016 (E.D. Cal. 1987); <u>Copperweld</u>, <u>supra</u>. Furthermore, the use of "the disjunctive 'or'" and boilerplate notwithstanding (Banner Opposition, pages 4-5), all of the allegations in the counterclaims show that these entities had, at all relevant times, identical goals and interests, and were

under a common direction, making them incapable of forming a conspiracy. Banner Mountain cannot allege, consistent with the allegations of its counterclaims (amended or not), that the relationship is otherwise. Banner Mountain cannot allege any facts that would establish the first element of a § 1 violation.

Banner Mountain does not even address the fact that it also has failed to alleged the requisite intent for a § 1 violation, nor can it allege such intent if amendment were permitted. At most, Banner Mountain has shown, and can show, an intention to compete with Banner Mountain. Further, any allegation of antitrust harm to competition would be speculative. Banner Mountain offers hearsay about California Sprouts "doing the same thing" to another sprout producer (Banner Opposition, page 3), but still entirely fails to put any of these alleged activities in the full context of competition in the relevant market, so the allegations would prove nothing other than harm to single competitors. See, e.g., U.S. v. Syufy Enterprises, 903 F.2d 659, 668 (9th Cir. 1990) ("It can't be said enough that the antitrust laws protect competition, *not* competitors.")

Not only has Banner Mountain failed to define a relevant market (and appears unable to, despite offering at least three different definitions at this point), Banner Mountain has not shown, nor can it show, that California Sprouts' activities adversely affect competition in the relevant market. Nor has Banner Mountain alleged market power in any market, offering only the conclusion that "counter and cross-defendants do have market power otherwise they would not have been able to accomplish what they did." Banner Opposition, page 6. Such circular logic, based ultimately on a conclusion and not on facts (in essence saying "Brassica has committed antitrust violations, which it could not have done

without market power, thus establishing that Brassica has market power and has committed antitrust violations"), cannot support the existence of market power.

While Banner Mountain claims that some of the formal defects of the first Count 2 could be remedied by amendment, Banner Mountain has offered no suggestions as to how it could amend its pleadings to correct the substantive defects in the count. Brassica suggests that any attempt at such amendment would be futile. Banner Mountain cannot establish a claim under the Sherman Act, § 1, and the first Count 2 should therefore be dismissed.

**II.  The Second Count 2**

This Count alleges violation of the Sherman Act, § 2 (15 U.S.C. § 2). As set out in detail in Brassica's opening memorandum, and as already discussed above, Banner Mountain did not, still has not, and cannot, allege a specific intent to control prices or destroy competition in the relevant market, nor any form of conspiracy, both necessary elements of a § 2 violation. Banner Mountain appears unable even to define the relevant market (having offered at least three definitions, none of them adequate), and has not, and cannot, establish market power. Further, Banner Mountain has not alleged, nor can it (other than in a conclusory manner), either predatory or anti-competitive conduct (such as coercion), or a dangerous probability of success, further necessary elements of a § 2 violation. Finally, as already discussed, Banner Mountain has not, and cannot, allege causal antitrust injury. Because Banner Mountain has not adequately pled the necessary elements of a Sherman Act § 2 violation, and could not amend its counterclaims to correct the substantive defects of the second Count 2 so that it adequately pleads such a violation, dismissal of the second Count 2 is proper.

**III.     Count 3**

In this Count, Banner Mountain alleges a "tying" violation of the Clayton Act, § 14 (15 U.S.C. § 14). Brassica showed in its opening memorandum that Banner Mountain has failed to establish any of the elements of a § 14 claim, and cannot allege facts sufficient to support such a claim. Banner Mountain has offered no persuasive arguments in rebuttal to this showing. In particular, Banner Mountain has failed to allege facts sufficient to establish a "tying" arrangement. Nothing in Banner Mountain's opposition gives the indication that Banner Mountain could allege facts sufficient to establish a § 14 claim were it given leave to amend. Banner Mountain has done no more than offer conclusory statements and speculation that a tying arrangement could exist in the present situation (yet suggests no factual allegations that could be made to actually support such a claim). Banner Opposition, pages 8-9. Banner Mountain also has still failed to allege sufficient facts, or suggest how its counterclaims could be amended to allege sufficient facts, to establish that coercion occurred, that market power exists, or even to define a relevant market, all essential elements of a § 14 "tying" claim. See, e.g., Mozart Co. v. Mercedes-Benz of North America, Inc., 833 F.2d 1342, 1345 (9th Cir. 1987), and additional cases cited at pages 10-11 of Brassica's opening memorandum. Count 3 is completely deficient, and Banner Mountain offers no concrete suggestions as to how it could be amended to cure its substantive defects. Count 3 is therefore properly dismissed.

**IV.     Count 4**

In this Count, Banner Mountain alleges a violation of the Cartwright Act (California Business and Professions Code §§ 1670, et seq.). As detailed in Brassica's opening memorandum, a claim under the Cartwright act rests fundamentally on the existence of a conspiracy, and on illegal acts done pursuant

5

thereto. As already discussed, Banner Mountain has not adequately alleged a conspiracy, nor can it do so consistent with the allegations of its counterclaims. Nor has Banner Mountain alleged facts that could establish the "illegal act" element of the claim, other than the alleged Federal antitrust violations (which are not supported). Banner Mountain has offered no suggestions as to how it could amend its counterclaims to overcome these substantive deficiencies, and any such attempt at amendment would be futile. This count is therefore properly dismissed.

## V.   Count 5

In this Count, Banner Mountain alleges a violation of § 17040 of the California Business and Professions Code. Banner Mountain concedes in its opposition brief that the allegations of the counterclaims to not support a claim under § 17040. Banner Opposition, page 10. This alone is sufficient basis for dismissing Count 5.

As shown in Brassica's opening brief, Banner Mountain failed to allege an essential element of a § 17040 claim, i.e., locality discrimination. In its opposition brief, Banner Mountain offers only hypothetical and conclusory support for its §17040 claim, i.e., that it "expect[s] to find" locality discrimination, based on the hypothetical situation that California Sprouts will continue to seek monopoly power, and "target sprout growers in selected localities to drive them out of business by selling under cost." Banner Opposition, page 11. It is apparent that Banner Mountain has no evidence or indication that a locality discrimination, as defined in the California Business and Professions Code, has occurred. Banner Mountain's speculative hope that it might find evidence that California Sprouts could, possibly, engage in predatory pricing practices in the future cannot provide the basis for a claim upon which relief can be granted, because it is prospective in nature and does not involve present or past

activities. Such speculation on future possibilities does not represent an actual controversy between the parties. Banner Mountain has not suggested any way in which it could amend its counterclaims to allege facts (not mere possibilities) adequate to support Count 5.

Banner Mountain suggests that its allegations support a claim under California Business and Professions Code § 17200, et seq. Banner Opposition, page 11. However, the violation that Banner Mountain is suggesting rests entirely on the preceding counts to establish the necessary element of an "unlawful, unfair, or fraudulent business act or practice." Id. This proposed new cause of action would stand or fall with the preceding counts. Because Banner Mountain has failed to establish a cause of action under any of the Counts 2 (first and second) through 6, this new cause of action is a non-starter, and amending the counterclaims to include a § 17200 violation would be futile. Count 5 is therefore properly dismissed.

## VI.     Count 6

In this Count, Banner Mountain alleges intentional interference with contract and with prospective business advantage.[2] As detailed in Brassica's opening memorandum, whichever cause of action Banner Mountain asserts, it cannot establish a contract, or economic relationship that was "disrupted" by any act of Brassica, California Sprouts or the Scholl Group. Banner Mountain maintains in its opposition that there are two alternative approaches to its Count 6, a "contract basis" and a "prospective economic advantage" basis. Banner Opposition, page 13. However, as shown in Brassica's

---

[2]These are two separate causes of action under California law. See Della Penna v. Toyota Motor Sales, 11 Cal. 4th 376, 902 P.2d 740 (1995). To the extent that Banner Mountain is attempting to encompass both causes of action by this single count, it does not state "a" claim, and is indefinite. This is an additional basis for dismissing the count.

opening memorandum, Banner Mountain has not, and cannot, allege facts sufficient to support a claim under either theory. The arrangement that Banner Mountain describes itself as having with the two super-market chains is, at most, a supply agreement that is terminable at will by either party, and can be properly characterized as a series of contracts, each contract representing a single transaction with a supermarket. Banner Mountain does not allege that the supermarkets did anything more than place regular orders for sprouts with Banner Mountain, and that Banner Mountain filled those orders when they were received. Based on the allegations of the counterclaims, Banner Mountain can not hope to establish anything more. Loss of such an arrangement simply does not entitle a party to relief against its competitor. See, e.g., PMC, Inc. v. Saban Entertainment, Inc., 45 Cal. App. 4th 576, 601, 52 Cal. Rptr. 2d 877, 890 (2nd Dist. 1996) ("parties conducting business without a valid subsisting contract who possess only a prospective hope of a contractual relationship are obliged to accept a more aggressive exercise of the competing rights of others."). Also, as detailed in Brassica's opening brief, Banner Mountain has failed to allege (or suggest in its opposition how it could amend its counterclaims to allege) that the actions by California Sprouts were "wrongful 'by some measure beyond the fact of the interference itself.'" Della Penna v. Toyota Motor Sales, 11 Cal. 4th 376, 392-393, 902 P.2d 740, 751 (1995). Count 6 has no basis, and the prospect of correcting the deficiencies of the count so that it states a claim upon which relief can be granted are extremely remote or nil. Count 6 is therefore properly dismissed.

### VII.  Dismissal Should Be With Prejudice

Banner Mountain asserts throughout its opposition that the defects complained of by Brassica are of a formal, not substantive, nature, and that any and all defects in its Counts 2 (first and second) through

6 can be cured by amendment. This is not so. As detailed in Brassica's opening memorandum and herein, each count contains defects that go to the substance of the claims asserted. While some formal defects might be curable by amendment, Banner Mountain cannot allege facts sufficient to support at least one, and sometimes several, essential elements of each count. A District Court should not dismiss a claim with prejudice, unless it appears to a certainty that the claimant cannot state a claim, such that any amendment would be futile. See, e.g., Ostrezenski v. Seigel, 177 F.3d 245, 252-253 (4th Cir. 1999). As shown above, any attempt by Banner Mountain to amend its counterclaims would ultimately be futile, as it can not possibly allege all the essential elements of the claims asserted in Counts 2 (first and second) through 6. It is therefore appropriate to dismiss these Counts with prejudice.

## CONCLUSION

For the reasons set forth in Brassica's opening memorandum, and this Reply, Banner Mountain's counterclaim Counts 2 (first & second) through 6 should be dismissed.

Respectfully submitted,

_____
E. Anthony Figg
Joseph A. Hynds
Mark I. Bowditch
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
555 Thirteenth Street, N.W., Suite 701E
Washington, DC 20004
(202) 783-6040
*Attorneys for Plaintiffs and Co-Liaison Counsel*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the **PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS BANNER MOUNTAIN'S COUNTERCLAIMS UNDER FED. R. CIV. P. 12(b)(6)** was caused to be served on the 8th day of June, 2001, by delivery via facsimile and Federal Express courier, to:

>Philip M. Andrews
>Kramon & Graham, P.A.
>One South Street
>Suite 2600
>Baltimore, Maryland 21202,

and via First Class mail, postage prepaid, to:

>Chau Minh Do
>16220 Compromise Court
>Mount Airy, Maryland 21771

_____
Mark I. Bowditch