IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |
|---|---|
| IN RE CRUCIFEROUS SPROUT LITIGATION ) ) ) ) | Civil Action No.: MDL-1388<br>Hon. William M. Nickerson |

### PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION
### TO DROP THE NATIONAL INSTITUTES OF HEALTH

Plaintiffs, Brassica Protection Products LLC and Johns Hopkins University ("Brassica"), respectfully submit this reply memorandum in further support of their motion under Fed. R. Civ. P. 21 to drop the National Institutes of Health ("NIH") from this action. Defendants, Sunrise Farms, Frank Crikelair and Becky Crikelair ("Sunrise"), have persisted in the untenable position that the NIH is a necessary party to this action merely because it appears on the face of the re-examination certificate of the '895 patent as assignee, when the uncontroverted record shows that the NIH in fact has no ownership interest in the '895 patent at all. Sunrise makes incorrect, legally irrelevant, and legally indefensible arguments in its Opposition in defense of its position.

Sunrise bases its entire argument on what is clearly a printing error made by the United States Patent and Trademark Office ("U.S.P.T.O.") in issuing the '895 re-examination certificate. Sunrise states, incorrectly, that "the facts of record do not establish that the NIH is not a necessary party." Opposition, page 1. On the contrary, the facts of record establish beyond doubt that the NIH is in fact not a necessary party. Prior to filing the present motion, Plaintiffs advised counsel for Sunrise that the '895 re-examination certificate contained a printing error, and provided certified copies from the U.S.P.T.O. of the assignment records of the '895 patent. These certified records show that the assignee

of the entire interest in the '895 patent is the Johns Hopkins School of Medicine (the assignee listed on the face of the '895 patent as issued), and that the NIH has only a limited, non-exclusive license to use the invention of the '895 patent. When Sunrise declined to drop the NIH as a party voluntarily, Plaintiffs filed the present motion, attaching copies of these certified records. Thus, the record (both at the U.S.P.T.O and in the present case) does show, to a legal certainty, that the NIH is not an assignee of the '895 patent. Sunrise is simply wrong, and refuses to admit it.[1]

      Sunrise's arguments about the assignee of a patent being a necessary party, while correct as a general legal proposition, are irrelevant here because the NIH in fact is not an assignee. Sunrise illogically argues that the public notice function of patents somehow turns a printing error into a governing legal principle that allows Sunrise to hale the NIH before this court on a matter as to which it has no legal interest. Printing errors in a patent can, and frequently do, occur. Sunrise seems to be arguing that because the actual assignee (Johns Hopkins) did not immediately request in writing that this error be corrected, the Plaintiffs are estopped from arguing that the NIH is not the assignee. This argument is absurd -- the fact is that the assignment records of the U.S.P.T.O, the definitive record of ownership of the '895 patent, are correct and show that Johns Hopkins, and not the NIH, is the assignee. The public is not on notice that the NIH owns the patent, because anyone checking the official U.S.P.T.O. assignment records (as they must do if, for example, post-issuance assignments are to be taken into account), they would immediately see that NIH is not an assignee. Sunrise has cited no

---

[1] Sunrise claims to be knowledgeable of the contents of the '895 file history. Opposition, page 3 ("No such petition appears in the file history of the '895 patent ..."). Sunrise should therefore be aware that the file history of the '895 patent also shows that Johns Hopkins, and not the NIH, is the assignee of the patent.

authority (as it cannot, because there is none) to support the position that a printing error on the face of a patent controls over the U.S.P.T.O. assignment records themselves.[2]

Furthermore, regardless of whether or not the <u>public</u> is on notice as to the true assignee, <u>Sunrise</u> is on notice. Based on the certified assignment records provided to Sunrise, and made of record with this Court, Sunrise is fully aware that, <u>to a legal certainty</u>, it will be unable to prove that NIH is a necessary party. Sunrise therefore knows that it has no legal basis for attempting to keep the NIH in this lawsuit, and its opposition to the present motion is without merit and frivolous, raising the issue of whether its opposition was in fact filed for an improper purpose, such as to harass the NIH or increase the expense of this litigation to Brassica.

## **CONCLUSION**

There is no legal basis for maintaining the NIH as a party to this action. The NIH should therefore be dropped from this lawsuit.

Respectfully submitted,

_____
E. Anthony Figg
Joseph A. Hynds
Mark I. Bowditch
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
Suite 701 East Tower
555 Thirteenth Street, N.W.
Washington, DC 20004
(202) 783-6040
*Attorneys for Plaintiff and Co-Liaison Counsel*

---

[2]Though the present motion does not turn on the issue, on June 7, 2001, Brassica did file a request for a Certificate of Correction to have the Johns Hopkins School of Medicinez identified as the assignee. Exhibit 1 attached hereto.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO DROP THE NATIONAL INSTITUTES OF HEALTH**, with Exhibit, was caused to be served on the 8th day of June, 2001, by delivery via facsimile and Federal Express courier, to:

>  Philip M. Andrews
>  Kramon & Graham, P.A.
>  One South Street
>  Suite 2600
>  Baltimore, Maryland 21202,

and via First Class mail, postage prepaid, to:

>  Chau Minh Do
>  16220 Compromise Court
>  Mount Airy, Maryland 21771

_____
Mark I. Bowditch