Atty. Dkt. No. 046585/0122

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant: Jed FAHEY et al.

Title: METHOD OF PREPARING FOOD PRODUCT FROM CRUCIFEROUS SEEDS

Patent. No.: B1 5,725,895

Issue Date: 10/10/2000

Examiner: L. Wong

Art Unit: 1761

### REQUEST FOR A CORRECTED PATENT FOR PTO MISTAKE PURSUANT TO 37 CFR 1.322 (b)

Commissioner for Patents
Washington, D.C. 20231

Sir:

Patentee hereby respectfully requests the Commissioner to issue a corrected Reexamination Certificate for the above-captioned reexamined patent. The Reexamination Certificate incorrectly recites the Assignee as: "The National Institutes of Health, Washington, D.C."

In the corrected Reexamination Certificate, please delete the "Assignee: "The National Institutes of Health, Washington, D.C."and insert as follows:

--[73] Assignee: Johns Hopkins School of Medicine, Baltimore, Maryland--

The information listed on the face of the Reexamination Certificate is provided by the Office not the Patentee. The Reexamination Certificate for B1 5,725,895 shows that the Assignee is The National Institutes of Health whereas the Assignee on the original patent was Johns Hopkins School of Medicine. See Exhibits A and B, respectively. A non-exclusive license was filed in the Office and recorded on May 9, 1996 and again on June 28, 1999. The Office used this information to change the Assignee information on the face of the Reexamination Certificate. Copies of the

-1-

Atty. Dkt. No. 046585/0122

certified records from the Office are attached hereto as Exhibit C. It should be noted that the first recordation on May 9, 1996 of the non-exclusive license to The National Institutes of Health did not result in naming The National Institutes of Health as the Assignee on the face of the original patent, U.S. 5,725,896. However, the second recordation of the same non-exclusive license on June 28, 1999 did result in the erroneous naming of The National Institutes of Health as the assignee on the Reexamination Certificate. Therefore, the error in naming the assignee was not the result of any actions by the Patentee, and a Petition under 37 CFR 1.183 is not required to request change of the Assignee on the Reexamination Certificate.

Patentee requests the issuance of a corrected Reexamination Certificate rather than a Certificate of Correction because Patentee asserts that the nature of this mistake on the part of the Office is such that a certificate of correction is deemed inappropriate in form. Because the Reexamination Certificate is short in length, i.e., only three pages, Patentee is concerned that a Certificate of Correction attached to the Reexamination Certificate may be lost. Further, in this regard, if a Certificate of Correction is not attached to the Reexamination Certificate, a third party reviewing this document may not consider reviewing the Office's files, such as the file history, to determine whether a Certificate of Correction was filed. This latter scenario is a valid concern as the Reexamination Certificate contains information located on the front page of the patent and obtained from the file by the Office without additional information from the Patentee. Further, the present Reexamination Certificate does not contain claims. Being a small and relatively uncomplicated document, there is less chance for errors, and a third party might be inclined to assume that there are no errors, and therefore, not check for a Certificate of Correction.

Further, incorrectly naming an assignee on the Reexamination Certificate could result in law suits against parties who do not have an ownership interest in the patent, brought by a plaintiff, who reviewed the Reexamination Certificate, but neglected to check the Office's files and assignment records. Incorrectly naming parties that do not have an ownership interest in the patent represents a nuisance and additional expense to parties and the courts in a litigation.

In support of this basis for obtaining a corrected patent, Patentee attaches copies of papers filed in a pending law suit showing that this scenario has indeed occurred. In this regard, Patentee, John Hopkins University and its sole assignee,

-2-

Atty. Dkt. No. 046585/0122

Brassica Protection Products, LLC filed a law suit for patent infringement against Defendants, Sunrise Farms, Frank and Becky Crikelair in the United States District Court for the Eastern District of Wisconsin. Exhibit D, which is the Answer, Affirmative Defenses and Counterclaim filed by the Defendants, shows that National Institutes of Health has been joined as a third party defendant. Plaintiffs filed a Motion Pursuant to Fed. R. Civ. P. Rule 21 to Drop The National Institutes of Health from this Action. (See Exhibit E) The Defendants filed an Opposition to this Motion (See Exhibit F), based solely on the appearance of The National Institutes of Health as the assignee on the face of the Reexamination Certificate. These documents filed in this pending law suit show that the error caused by the incorrect naming of the assignee on the Reexamination Certificate has, indeed, resulted in a nuisance claim against The National Institutes of Health, and additional expenses to plaintiffs and defendants, and a waste of valuable resources of the U.S. court system.

Further, as Patentee noted, above, the Reexamination Certificate is short in length, and therefore, reprinting a corrected Reexamination Certificate will not result in a great expense to the Office.

In view of the arguments provided above, Patentee respectfully requests that the Office provide a corrected Reexamination Certificate to the undersigned attorney of record.

Although Applicant believes that no fee is required for this Request, the Commissioner is hereby authorized to charge any additional fees which may be required for this Request to Deposit Account No. 19-0741.

Respectfully submitted,

Date _____  By _____

FOLEY & LARDNER
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007
Telephone: (202) 672-5483
Facsimile: (202) 672-5399

Richard C. Peet
Attorney for Applicant
Registration No. 36,792