**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION**

|  |  |
|---|---|
| IN RE CRUCIFEROUS SPROUT LITIGATION | Civil Action No.:  MDL-1388 |
|  | Hon. William M. Nickerson |

**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER
SUPPORT  OF THEIR MOTION TO STRIKE SUNRISE FARMS'
AFFIRMATIVE DEFENSES UNDER FED. R. CIV. P. 12(f), AND
TO DISMISS COUNTERCLAIMS UNDER FED. R. CIV. P. 12(b)(6)**

Plaintiffs, Brassica Protection Products LLC and Johns Hopkins University ("Brassica"),

respectfully submit this reply memorandum in support of their motion to strike affirmative defenses II-V,

VII-XIV, XIX and XX(l), and paragraph 20 of the counterclaims, of Defendants, Sunrise Farms, Frank

Crickelair and Becky Crickelair ("Sunrise"), under Fed. R. Civ. P. 12(f), and to dismiss the

counterclaims styled "Intervening Rights" and "Failure to Conduct a Reasonable Pre-Filing

Investigation" (paragraphs 104-117 of the Answer and Counterclaims) under Fed. R. Civ. P. 12(b)(6).  In

their Opposition to Plaintiffs' motion ("Sunrise Opposition"), Sunrise altogether fails to address the legal

insufficiency and lack of relevance of these affirmative defenses and counterclaims, arguing only that the

issues raised by these portions of their Answer and Counterclaims relate to other legal issues, or are

relevant as potential factual issues, in this case.  This is a motion to dismiss irrelevant and/or legally

insufficient affirmative defenses, and to dismiss insufficient counterclaims, not a motion in limine to

exclude issues or evidence.  Whether or not Sunrise's "affirmative defenses" and "counterclaims" are

pertinent or relevant to underlying <u>factual issues</u> in this case, the legal reality is that "Affirmative

Defenses" II-V, VII-XIV, XIX and XX(l) do not constitute legally sufficient, and/or relevant, legal

theories that provide <u>legal defenses</u> to a claim of infringement of a utility patent, and the two

"Counterclaims" that are the subject of the present motion do not constitute legally sufficient theories

that can support any <u>claim</u> against Brassica upon which relief can be granted to Sunrise.  Sunrise's

arguments in opposition entirely miss the mark, and Brassica's motion should be granted.

## **ARGUMENT**

Fed. R. Civ. P. Rule 12 provides the courts with a tool for narrowing and clarifying the scope of

the litigation before trial.  2 <u>Moore's Federal Practice</u> § 12.02 (Matthew Bender 3d ed.); <u>Jackson v.</u>

<u>Marion County</u>, 66 F.3d 151, 153 (7th Cir. 1995) (Rule 12 allows cases that formerly would have gotten

at least as far as summary judgment to be decided on the pleadings.)   Rule 12 assures that the courts'

(and litigants' ) time and resources are not wasted with frivolous, futile, or otherwise pointless, defenses

or claims.  <u>C.f.</u>, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  When a defense or a claim cannot

possibly be supported by the allegations of the complaint or answer, or are legally insufficient (as when,

for example, they are predicated on an incorrect statement of the law), or are irrelevant (that is, when,

even if established, they would not resolve any issue before the court), such a defense or claim is

properly removed from the pleadings. <u>C.f.</u>, <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992) ("[A] finding

of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the

wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

The affirmative defenses that Brassica seeks to have struck, and the counterclaims Brassica seeks to have

dismissed, are just the sort of pleadings that should be dismissed under Rule 12.  For the reasons set out

in Brassica's opening memorandum, and for the additional reasons set forth below, Brassica respectfully

requests that its motion be granted.

I.    **Affirmative Defense II**

Sunrise appears to be relying throughout its Opposition on the "liberal notice pleading rules" of Fed. R. Civ. P. 8 and on the assertion that it must present all possible affirmative defenses in its pleadings, or risk waiving them.  Sunrise Opposition, page 3.  This, however, does not justify presenting insufficient, irrelevant or frivolous defenses.  Sunrise asserts that Affirmative Defense II should remain because "[i]t was quite reasonable for the Defendants to understand that the Complaint covered infringement under 35 U.S.C. § 271(g)," and therefor Sunrise had to assert Affirmative Defense II against this presumed claim.  Sunrise Opposition, page 4.  A substantial flaw in this argument is that is has nothing to do with Affirmative Defense II.  Sunrise has asserted as an affirmative defense that

> "It is not patent infringement to make a product by a process patented in
> the United States."

Affirmative Defense II.  As set forth in Brassica's opening memorandum, and unrebutted by Sunrise, this is a legally incorrect statement of the law of infringement.  It <u>is</u> patent infringement to make a product by a process patented in the United States.  35 U.S.C. § 271(a); <u>Joy Technologies, Inc. v. Flakt, Inc.</u>, 6 F.3d 770, 773-774 (Fed. Cir. 1993).  As a matter of law, Sunrise's "Affirmative Defense II," as presented, cannot provide an affirmative defense to a claim of infringement under <u>any</u> provision of 35 U.S.C. § 271.

Sunrise is also incorrect in its assertion that Brassica has explicitly waived a claim of infringement under 35 U.S.C. § 271(g).  Sunrise Opposition, page 4.  In footnote 2 of its opening memorandum, Brassica expressly reserved its right to amend the Complaint to include a claim under § 271(g).  Sunrise has apparently misunderstood Brassica's discussion of § 271(g) at pages 7-8 of its

opening memorandum, wherein Brassica, giving Sunrise the greatest possible benefit of the doubt as to

the validity of Affirmative Defense II, pointed out that § 271(g) does not pre-empt § 271(a), and that

practice of a patented process within the United States (of which Sunrise is accused) is itself direct

infringement, making § 271(g) irrelevant (unnecessary) under those circumstances.  Brassica of course

reserved the right to bring a claim under § 271(g) against Sunrise should discovery show, for instance,

that Sunrise was importing food products from abroad (Canada, for instance) that had been made by the

patented process, or bought infringing product from another for resale.  Opening Memorandum, page 7,

footnote 2.

## II.    Affirmative Defenses III-V

With regard to Affirmative Defenses III-V, Sunrise asserts only that it will introduce evidence to

show that it had been practicing the same sprouting method for years, and had expended significant

resources in developing and perfecting its methods and sprouting facilities.  Sunrise Opposition, pages 5-

6.  Again, this is irrelevant to the question of whether or not Affirmative Defenses III-V provide legal

defenses to a claim of infringement.  As shown in Brassica's opening memorandum, they do not, and

Sunrise has failed to rebut this showing in any way.  Whether or not the allegations comprising

Affirmative Defenses III-V, if proved, are relevant as underlying factual issues to some other defense

(such as validity of the patents in suit),[1] has nothing to do with the legal sufficiency of Affirmative

Defenses III-V as defenses to a claim of infringement.  Sunrise has failed to rebut Brassica's showing of

---

[1] Striking Affirmative Defenses III-V would not bar Sunrise, under the Federal Rules of
Civil Procedure and Federal Rules of Evidence, from attempting to prove these factual
allegations, and establish their relevance,  under some other, legitimate, defense or claim in the
lawsuit.

the insufficiency and irrelevance of Affirmative Defenses III-V, and those defenses should be stricken
from the pleadings.

## III.    **Affirmative Defenses VII-IX**

Sunrise argues that Affirmative Defenses VII-IX should not be dismissed because "the Plant
Variety Protection Act (PVPA) Precludes Utility Patents Directed to Plants" (see Sunrise Opposition,
page 4, Section III heading), and also because they allegedly support "other enumerated defenses in this
case related to 35 U.S.C. § 101." Sunrise Opposition, page 5. In so arguing, Sunrise relies entirely on
the grant of certiorari in the Pioneer Hi-Bred v. J.E.M. AgSupply, Inc., 200 F.3d 1374 (Fed. Cir. 2000),
cert. granted 531 U.S. ___, 121 S. C.t. 1077 (2001), and assumes that the Supreme Court will overturn
over 20 years of legal precedent and adopt a position that plants have been pre-empted by the PVPA as
patentable subject matter.

However, Affirmative Defenses VII-IX do not plead that the Brassica patents are invalid under
35 U.S.C. § 101 because of the pre-emption by the PVPA of plants as protectable subject matter.[2]
Rather, Affirmative Defenses VII-IX assert (without reference to the patent laws or the Brassica patents)
that the PVPA  itself "prevents Brassica from precluding the sexual propagation of plants," and that

---

[2]Unlike Sunrise here, the petitioner in Pioneer Hi-Bred had asserted invalidity of the
patent for failure to meet the patentable subject matter requirement of 35 U.S.C. § 101, due to
pre-emption of the patent laws by the Plant Variety Protection Act. See Pioneer Hi-Bred, Brief
for Petitioners, 2001 WL 1499137 (attached hereto as Exhibit 1), pages 10-12.

5

under the PVPA, Sunrise is entitled to grow, use, etc. "its sexually reproduced sprouts."[3]  Affirmative

Defenses VII-IX state, verbatim, that

> "VII.  Upon information and belief, Brassica and Johns Hopkins cannot
> preclude the sexual reproduction of plants under the Plant Variety
> Protection Act and Amendments of 1994.
>
> VIII. Upon information and belief, the broccoli sprouts produced by
> Sunrise Farms, Inc. are sexually reproduced, and are not asexually
> reproduced.
>
> IX.  Upon information and belief, Sunrise Farms, Inc. is entitled to grow, use,
> offer to sell and sell its sexually reproduced sprouts."

These "affirmative defenses," on their face, do not plead invalidity of the Brassica patents, nor is pre-

emption even mentioned or inferable from these "affirmative defenses."  Sunrise's arguments do not

match its asserted defenses and in no way rebut Brassica's showing that they are invalid and irrelevant

defenses to a claim of patent infringement.

Furthermore, to the extent that pre-emption can even be inferred from the language of

Affirmative Defenses VII-IX, Sunrise's reliance on the Pioneer Hi-bred case is misplaced.  First, the

position urged by the petitioner in Pioneer (and by Sunrise) is not currently the law.  Sunrise is assuming

that the Supreme Court will overturn more than 20 years of legal precedent and adopt a position that has

support in neither the relevant statutes, nor their legislative histories (see, Brassica's opening

memorandum, pages 10-11; see also Pioneer Hi-Bred, 200 F.3d 1374).  Second, even if the Supreme

---

[3]As a side-issue, Sunrise appears unclear on its biology as well as on its law.
Germination of a sprout is not "sexual reproduction," it is just growth.  The seed that germinates
into a sprout is the product of sexual reproduction (i.e., pollination) by the parent plant, but it is
wrong to say that a sprout is "sexually reproduced."  The claims of the Brassica patents recite
"germination" (growth) among their limitations, not any form of sexual reproduction.

6

Court were to overturn the Federal Circuit in <u>Pioneer</u>, this would not effect the present case, because the claims of the Brassica patents are not directed to plants, but rather to food products and methods for making them, unlike the patents at issue in <u>Pioneer</u> which claim hybrid corn plants, and seeds and parts thereof. <u>Pioneer Hi-Bred</u>, Brief for Petitioners, 2001 WL 499137 (Exhibit 1 hereto) pages 8-9. The heart of the pre-emption issue is the contention that subject matter <u>otherwise protectable</u> under the PVPA is excluded as patentable subject matter under the patent laws. <u>Pioneer Hi-Bred</u>, Brief for Petitioners (Exhibit 1), pages 12, et seq. The inventions of the Brassica patents are not protectable under the PVPA (the claims are not directed to new plant varieties), and so would not even be subject to pre-emption if <u>Pioneer</u> were to be overturned.

Affirmative Defenses VII-IX therefore are irrelevant and/or futile as legal defenses to a claim of patent infringement and should be dismissed.

## IV.    Affirmative Defenses X and XX(l), and Counterclaim Paragraph 20

Sunrise has conceded (as it must), that "[t]here is no dispute that Plaintiffs do not have a plant patent under 35 U.S.C. §§ 161-162." Sunrise Opposition, page 4. Yet, incredibly, Sunrise still maintains that Affirmative Defenses X and XX(l) (lack of compliance with the Plant Patents Act, 35 U.S.C. §§ 161-162) should remain in this case. Sunrise lumps Affirmative Defenses X and XX(l) together with its analysis of Affirmative Defenses VII-IX (lack of compliance with the PVPA), and does not even mention paragraph 20 of the counterclaims (also asserting non-compliance with the Plant Patents Act). <u>See</u> Sunrise Opposition, pages 4-5. However, Sunrise has offered <u>no</u> analysis regarding how, or why, the Plant Patents Act is relevant to the present case, or how review by the Supreme Court of the <u>Pioneer</u> case could in any way validate these Affirmative Defenses. Brassica's arguments for

7

striking Affirmative Defenses X and XX(l) are unanswered and unrebutted.  These affirmative defenses should therefore be stricken from the pleadings.

## V.  <u>Affirmative Defenses XI-XIV</u>

In opposition to Brassica's motion to dismiss these "affirmative defenses," Sunrise presents a nearly incomprehensible argument regarding the relevance of burden-shifting in the present case:

> "Whether burden shifting is appropriate subject matter of a pleading is likely a matter of style.  Again, pleading on the safe side, burden shifting is appropriate to avoid waiver or an allegation of surprise.  However, burden shifting is most definitely relevant to this case and for this reason Affirmative Defenses XI-XIV should not be stricken from the Answer."

Sunrise Opposition, page 7.  Sunrise simply does not address the showing made in Brassica's opening memorandum that these so-called "affirmative defenses" are <u>not</u> defenses to a claim of patent infringement, regardless of where the burden of proof lies.  If, for the sake of argument, Sunrise were to prove every allegation it makes in its Answer relative to its Affirmative Defenses XI-XIV, Sunrise still would not have established that Brassica's pre-filing investigation was not a reasonable one, and, more importantly, would not have established a defense to a claim of patent infringement, because whether or not Brassica made a reasonable pre-filing investigation simply is not a defense to a claim of patent infringement.  Sunrise has once again presented an underlying factual issue that might relate to a legal claim, counterclaim or affirmative defense in the case, and presented it as a stand-alone legal defense to patent infringement.  Under no conceivable legal theory or set of circumstances could a failure by Brassica to make an adequate pre-filing investigation provide Sunrise with a defense to a claim of infringement, and Sunrise has failed to show otherwise.  The <u>only</u> function that such a showing has in a patent lawsuit is to provide a basis for sanctions under Rule 11, and as a burden-shifting mechanism

under 35 U.S.C. § 295.  Sunrise is, of course, free to attempt to prove its allegations in connection with one of these circumstances, and dismissal of Affirmative Defenses XI-XIV will not change that. However, as affirmative defenses they are groundless, and should be stricken.

## VI.    Affirmative Defense XIX

With regard to Affirmative Defense XIX, Sunrise again argues that the issue is relevant to the validity of the patents-in-suit.  Sunrise Opposition, pages 8-9.  Validity of the patents is a separately pleaded affirmative defense (Affirmative Defense XX), and Brassica is not seeking to have it struck from the pleadings (other than Defense XX(l)).  Sunrise again confuses a legal or factual issue relating to a legal defense, with an actual defense.  What prior art exists, its content, and whether or not the Patent Office considered it, are factual issues related to the issue of validity.  If the patents-in-suit are anticipated or rendered obvious by the prior art (whether or not the Patent Office considered the prior art), they would be invalid.  Sunrise has altogether failed to rebut the showing made in Brassica's opening memorandum that "affirmative defense" XIX  simply is not a separate legal defense to a claim of patent infringement, and should be stricken from the pleadings.

## VII.    Counterclaims for "Intervening Rights" and "Failure to Conduct a Reasonable Pre-Filing Investigation"

Sunrise argues that the counterclaims "must remain in this case because Defendants may be able to prove a set of facts, such as abuse of process, thereby entitling Defendants to relief."  Sunrise Opposition, page 9.  However, Sunrise does not address the showing in Brassica's opening memorandum that the asserted counterclaims are not claims as to which a court can grant relief.  What relief would this Court grant on a claim for "intervening rights," or for "failure to make a pre-filing investigation?"  A

9

declaration that such rights exist?  That such an investigation did not occur?  These do not represent legal rights, or legal status, as to which the Court can make a determination -- they are <u>factual</u> issues. These issues only have meaning in connection with a determination of an actual legal right.  However, the counterclaim does not assert that Sunrise does not infringe (that is the subject of a different counterclaim, one that Brassica is not seeking to have dismissed).  Instead Sunrise asserts something as to which, standing alone, the Court cannot grant relief.  As it has done throughout its opposition, Sunrise is confusing a factual issue (which Sunrise claims it might be able to prove) possibly related to a legal issues in the case, with a cause of action as to which Sunrise is entitled to relief.  Sunrise has failed to rebut the showing in Brassica's opening memorandum that these two counterclaims are insufficient as a matter of law, fail to state a claim upon which relief can be granted, and should be dismissed.

## <u>CONCLUSION</u>

For the reasons set forth in Brassica's opening memorandum and this Reply, Affirmative Defenses II-V, VII-XIV, XIX and XX(l), and paragraph 20 of the counterclaims should be stricken from the pleadings, and the counterclaims styled "Intervening Rights" and "Failure to Conduct a Reasonable Pre-Filing Investigation" should be dismissed.

Respectfully submitted,

_____
E. Anthony Figg
Joseph A. Hynds
Mark I. Bowditch
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
555 Thirteenth Street, N.W., Suite 701E
Washington, DC 20004
(202) 783-6040
*Attorneys for Plaintiff and Co-Liaison Counsel*

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the **PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT  OF THEIR  MOTION TO STRIKE SUNRISE FARMS' AFFIRMATIVE DEFENSES UNDER FED. R. CIV. P. 12(f), AND TO DISMISS COUNTERCLAIMS UNDER FED. R. CIV. P. 12(b)(6)**, with attached Exhibit, was caused to be served on the 8th day of June, 2001, by delivery via facsimile and Federal Express courier, to:

> Philip M. Andrews
> Kramon & Graham, P.A.
> One South Street
> Suite 2600
> Baltimore, Maryland 21202,

and via First Class mail, postage prepaid, to:

> Chau Minh Do
> 16220 Compromise Court
> Mount Airy, Maryland 21771


_____
Mark I. Bowditch

11