June 15, 2001

**BY HAND-DELIVERY**
The Honorable William M. Nickerson
United States District Court for the
 District of Maryland
310 U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

                Re:    In Re:  Cruciferous Sprout Patent Litigation
                      MDL Docket No. 1388

Dear Judge Nickerson:

      The June 1, 2001, Scheduling Order in this case requires that counsel, after conferring, report to Your Honor today regarding the limit of 20 hours of depositions of fact witnesses (including parties) per side, as set forth in the Order.  After speaking this morning with Mr. Mullen, Plaintiffs' counsel, I write to provide that report.  Mr. Mullen has reviewed this letter before its delivery to Chambers this afternoon.

      The two sides have different perspectives on the number of deposition hours needed during this first phase of the litigation, with the discovery deadline of August 31, 2001.  Plaintiffs believe that 20 hours of fact witness deposition will be sufficient.  Defendants' position is that, if required now to estimate the reasonable number of deposition hours, 50, not 20, is the appropriate number.  Mr. Mullen advises that Plaintiffs are willing to agree generally, once depositions begin, to such additional deposition hours as Plaintiffs believe may be reasonably necessary.  However, Plaintiffs are unwilling to agree now to a 50 hour deposition limit.

      There are several reasons for Defendants' request for a 50 hour limit.  The first is sheer numerosity:  there are five unrelated corporate defendants and ten individual defendants.  Second, Defendants have not had the benefit of Plaintiffs' memorandum regarding the <u>Markman</u> issues and Defendants' joint summary judgment motion on

Hon. William M. Nickerson
June 15, 2001
Page 2
_____

patent invalidity. Plaintiffs' memorandum is not due until July 2, 2001. Third, what occurs at the July 23 hearing will also inform Defendants as to the number of depositions reasonably required. Finally, Defendants believe that at least five depositions of Plaintiffs' fact witnesses could be necessary, as I advised Mr. Mullen this morning: a 30(b)(6) deposition of each plaintiff; a deposition of each of the inventors; and a deposition of the Plaintiffs' as yet unidentified affiant, whose declaration will be attached to Plaintiffs' July 2 memorandum.

    I proposed to Mr. Mullen this morning, and he agreed, that with the Court's indulgence, it might make more sense for me to report to the Court on July 5, 2001 the further position of the parties about the number of deposition hours. With Plaintiffs' July 2 memorandum in hand, it may well be that Defendants will determine that 50 hours is unnecessary; on the other hand, it may be clear to Plaintiffs at that juncture that 20 hours is obviously not sufficient. However, if the Court wishes to determine today the number of deposition hours, Defendants are compelled to request 50 hours of fact witness depositions be provided to them.

    I trust the Court will let counsel know if it will await my July 5 report before making its determination, or if any further information is required. Thank you for your consideration.

                                       Respectfully,

                                       /s Philip M. Andrews

PMA/bew
cc:    William Michael Mullen, Esquire
            By Facsimile (410) 727-7356 and First-Class Mail
      Paul Mark Sandler, Esquire
            By Facsimile (410) 727-7356 and First-Class Mail
      Delbert J. Barnard, Esquire - By Facsimile (206) 243-4618
      Joseph A. Kromholz, Esquire - By Facsimile (262) 783-1211
      Donald W. Ullrich, Jr., Esquire - By Facsimile (916) 441-5465
      Mr. Chau Minh Do - By First-Class Mail

00690/0/00020426.WPDv1

Hon. William M. Nickerson
June 15, 2001
Page 3
_____

BCC:  Sally Fite Stanfield, Esquire (w/encls.)