July 3, 2001

**BY HAND-DELIVERY**
The Honorable William M. Nickerson
United States District Judge
310 U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

> Re:  Brassica Protection Products LLC, et al. v. Chau Minh Do,
>      Civ. Action No. WMN-00-2950
>                and
>      In Re:  Cruciferous Sprout Patent Litigation
>      MDL Docket No. 1388

Dear Judge Nickerson:

As requested, I write to provide the position of the represented Defendants in MDL-1388 regarding the proposed Consent Judgment in WMN-00-2950 between Plaintiffs and Chau Minh Do, a defendant who has not appeared through counsel in either of the above-mentioned proceedings.

As a prefatory matter, we have not been privy to the discussions that culminated in the proposed Consent Judgment in WMN-00-2950.  Apparently, Mr. Minh Do has been *pro se* at all times; indeed, the Consent Judgment bears only his signature, and the signature of Plaintiffs' Liaison Counsel.  It is our understanding that Mr. Minh Do is an immigrant to this country, whose litigation experience may be limited to this patent action, where, to our knowledge, he has not participated by filing any pleadings or appearing at any hearing.  Beyond that, we have no knowledge of the context in which settlement by consent judgment was achieved.  Because of the injunctive ramifications to Mr. Minh Do, we bring those circumstances to Your Honor's attention for such consideration as the Court deems necessary in determining what inquiry, if any, of the parties to the Consent Judgment is appropriate before its entry.

Hon. William M. Nickerson
July 3, 2001
Page 2
_____

       With respect to the effect of the Consent Judgment on any other defendant in MDL 1388, the answer is clear: its entry will have no impact on the ongoing proceedings involving the other parties.  Obviously, entry of the Consent Judgment as to Mr. Minh Do would not bind, nor collaterally estop, any other defendant in any way.  There is no privity among the parties, the issues in the action have not been fully and fairly litigated, and the entry of the Consent Judgment does not add weight to, nor strengthen, the presumption of validity accorded to the patents-in-suit.  "The presumption of validity is a clear statutory procedural device.  It is not augmented by an earlier adjudication of patent 'validity.'  A patent is not held valid for all purposes but, rather, not invalid on the record before the court."  *See* <u>Mendenhall v. Cedarapids, Inc.</u>  5 F.3d 1557, 1571 (Fed.Cir.. 1993), *quoting* <u>Shelcore, Inc. v. Durham Indus., Inc.</u>, 745 F.2d 621, 627 (Fed.Cir. 1984).  For these reasons, we do not expect the Plaintiffs to attempt to use the Consent Judgment in some evidentiary fashion in the MDL proceedings, but should Plaintiffs be so inclined, the represented Defendants reserve the right to make such objections as may be required at that juncture.

       Thank you for your attention to this matter.

               Respectfully,

               /s

               Philip M. Andrews,
               Liaison and Lead Counsel

PMA/bew

cc:   Paul Mark Sandler, Esquire (Hand-Delivery)
      W. Michael Mullen, Esquire (Hand-Delivery)
      Mr. Chau Minh Do - By First-Class Mail
      Delbert J. Barnard, Esquire - By Facsimile (206) 243-4618
      Joseph A. Kromholz, Esquire - By Facsimile (262) 783-1211
      Donald W. Ullrich, Jr., Esquire - By Facsimile (916) 441-5465

00690/0/00021748.WPDv1

Hon. William M. Nickerson
July 3, 2001
Page 3
_____

BCC: Sally Fite Stanfield, Esquire