IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| IN RE: | * |
| CRUCIFEROUS SPROUT | MDL Docket No. 1388 |
| PATENT LITIGATION | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
THAT THE PATENTS-IN-SUIT ARE NOT INVALID**

Defendants, by their undersigned counsel, oppose Plaintiffs' Cross-Motion for Summary Judgment. As discussed below, because of the Scheduling Order in this action and the operation of Local Rule 105, Plaintiffs' cross-motion should be stricken or deferred for consideration until after the close of Phase I discovery; if the Court is inclined to consider the cross-motion at this juncture, it should be denied.

I.      Procedural Issues

Since the April 27, 2001 Initial Conference, there have been two monthly status conference calls with the Court, and correspondence and telephone calls among counsel, directed to bifurcation of this action, setting the July 23, 2001 hearing regarding claim construction and patent invalidity, and the Defendants' plans to file an early summary judgment motion. Despite those discussions, however, the first notice to Defendants that Plaintiffs intended to file a cross-motion for summary judgment before the end of discovery for this phase of litigation was Plaintiffs' service of that pleading on

July 2, 2001.

Under the current Scheduling Order, discovery for the first phase of this litigation ends on August 31, 2001, with a dispositive motions deadline of September 28, 2001. Before the separate cases were consolidated as an MDL action, the Harmony Farms Defendants served Plaintiffs with interrogatories, requests for production of documents, and several deposition notices. By agreement, Plaintiffs' responses to that discovery was deferred. Had Defendants understood that Plaintiffs intended to move for summary judgment at this juncture in the litigation, rather than waiting until the close of discovery, Defendants would have proceeded in a different manner.

For example, at Plaintiffs' counsel's request, the hearing on claim construction and Defendants' summary judgment motion regarding invalidity was pushed back to July 23, 2001. Defendants supplemented their joint motion for summary judgment on June 7, 2001, and agreed to Plaintiffs' request that Plaintiffs' response could be filed on July 2, 2001. Defendants filed their motion for summary judgment, requesting an early claim construction, and a finding that the claims of the Brassica patents are invalid based on the legal issue of "what can be patented." As Defendants pointed out during the April 27, 2001 proceeding, and in their subsequent memorandum in support of bifurcation, an early determination of that legal issue could make additional proceedings, including extensive discovery, unnecessary.

Defendants' approach to the scheduling changes requested by Plaintiffs, and

to the Scheduling Order's specific deadlines, would have been different had Defendants known that the cross-motion for summary judgment was forthcoming at this juncture. Local Rule 105.C.2 avoid these issues by requiring prior notification by any party that it intends to file a summary judgment motion.  That did not occur here, and Defendants' ability to conduct further discovery has been compromised. Plaintiffs' cross-motion should either be stricken, or deferred until after the August 31 discovery deadline.  See generally *Lone Star Steak House and Saloon, Inc. v. Alpha of Virginia, Inc.* 43 F.3rd 922, 928 (4th Cir. 1995)(general principle that summary judgment is appropriate only after the opposing party has had adequate time for discovery); *Oksanen v. Page Mem. Hosp.,* 945 F.2d 696, 707-08 (4th Cir. 1991), cert. denied, 502 U.S. 1074 (1992) (summary judgment appropriate only after the opposing party has had time for discovery); *White v. Investors Mgmt. Corp.,* 888 F.2d 1036, 1041 (4th Cir. 1989) (same).  See also *Massey v. Del Laboratories, Inc.,* 118 F.3d 1568, 1572-73 (Fed. Cir. 1997) (patent litigation context).

In the event the Court determines at this point that it cannot find the claims invalid under 24 U.S.C. Sections 101 and 102(b) based on the record before it, this litigation by necessity will continue, including additional invalidity discovery. There are other grounds for finding the patents-at-issue invalid, including obviousness, inequitable conduct, and consideration of other prior art that has not yet been obtained by discovery. Enforceability is also an issue.  Accordingly, even if the Court excuses Plaintiffs' failure to comply with Local Rule 105.2(b), Plaintiffs' cross-motion is, at best, premature.

II.     Substantive Issues

If this Court is inclined at this juncture to consider Plaintiffs' cross-motion, Defendants' response is to adopt and incorporate herein all of their previous memoranda and exhibits as the basis for their opposition. Defendants further note that, based on the present record, there is not procedural symmetry, given the nature of this proceeding and the issues before the Court. For example, if the Court were to deny Defendants' summary judgment motion and to rule that the present record is insufficient to establish anticipation by inherency, that does not mean that Plaintiffs' cross-motion must inexorably, and automatically be granted. See Massey, 118 F.3d at 1573. Defendants' answers to the complaint made clear that they have asserted other bases for asserting that the patents are invalid; those additional issues require development of a further factual record. Discovery is ongoing, and for the reasons set forth in Section I above, is not complete.

Finally, it is unclear to what extent Plaintiffs are relying on the results of the *ex parte* patent re-examination, or the entry of two consent judgments regarding the patents-in-suit. To the extent Plaintiffs attempt to rely on them in support of their cross-motion, such reliance is unavailing. The consent judgments in question, and the *ex parte* re-examination were all entered into, or occurred, either before or without discovery, before or without any substantive hearing, and before or without a trial. Under these circumstances, no issue, not just patent invalidity, can be said to have been fully, fairly, or actually litigated. See *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Foundation,* 402

U.S. 313, 329, aff'd after remand, 465 F.2d 380 (7th Cir. 1972), cert.denied, 409 U.S. 1061 (1972). In such circumstances, summary judgment cannot be entered in Plaintiffs' favor based on the existence of the consent judgments or the patent re-examination.   III.

### Conclusion

Defendants requests that Plaintiffs' cross-motion for summary judgment be stricken or deferred until after the discovery deadline for the first phase of this litigation. In the event the Court deems it appropriate to consider Plaintiffs' cross-motion at this juncture, Defendants request Plaintiffs' cross-motion for summary judgment be denied.

Respectfully submitted,

/s Philip M. Andrews (Federal Bar No. 00078)
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
410- 752-6030
Fax: 410-539-1269

*Attorneys for Defendants Edrich Farms, Inc., Edward F. Stanfield, Jr., Richard Stanfield, Edward B. Stanfield, III and Sally F. Stanfield*

Delbert J. Barnard
Barnard & Pauly, P.S.

947 Powell Avenue, SW, Suite 105
Renton, Washington 98055
Phone: (206) 246-0568
Fax: (206) 243-4618

*Attorneys for Harmony Farms, LLC,
Lorna M. Lynn and Gregory H. Lynn, and for
Robert L. Rust and International Specialty
Supply, LLC*


Joseph A. Kromholz
Dan Johnson
Ryan, Kromholz & Manion, S.C.
P.O. Box 26618
Milwaukee, Wisconsin 53226-0618
Phone: (262) 783-1300
Fax: (262) 783-1211

*Attorneys for Sunrise Farms, Inc.,
Frank Crikelair and Becky Crikelair*


Donald W. Ullrich, Jr.
P.O Box 160007
Sacramento, California 95816-0007
Phone: (916) 441-4554
Fax:    (916) 441-5465

*Attorney for Banner Mountain Sprouts, Inc. and
Lawrence Ravitz*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of July, 2001, copies of the foregoing Defendants' Opposition to Plaintiffs' Cross-Motion for Summary Judgment that the Patents-In-Suit are Not Valid were hand-delivered to:

> Paul Mark Sandler, Esquire
> W. Michael Mullen, Esquire
> Freishtat & Sandler
> 201 E. Baltimore Street, Suite 1500
> Baltimore, Maryland 21202
> *Liaison Counsel for Plaintiffs Brasssica Protection Products L.L.C. and Johns Hopkins University*

                                                                Philip M. Andrews