IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| IN RE CRUCIFEROUS SPROUT LITIGATION ) | Civil Action No.: MDL-1388 |
| ) | Hon. William M. Nickerson |

**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER
SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY
JUDGMENT THAT THE PATENTS-IN-SUIT ARE NOT INVALID**

Plaintiffs, Brassica Protection Products LLC and Johns Hopkins University ("Brassica"), respectfully submit this reply memorandum in further support of their cross-motion for summary judgment that the Patents-in-Suit are not invalid under 35 U.S.C. §102(b). Defendants assert that Brassica's cross-motion for summary judgment should be stricken or deferred, because it allegedly is improper under the court's Scheduling Order and by operation of Local Rule 105. Defendants objections are without merit and should be rejected.

**Brassica's Motion Was Precipitated by Defendants' Admissions**

It only became apparent to Brassica that a cross-motion for summary judgment -- in essence the mirror image of Defendants' motion -- would be appropriate after receiving the last of defendants' three briefs in support of their motion. Frankly, Brassica was surprised that, nearly a year after the initiation of this action and more than two years after Defendants had notice of Brassica's patent, Defendants adduced no evidence -- none -- in support of their anticipation-by-inherency defense. Defendants have a heavy burden of proof on this issue (clear and convincing evidence) made more difficult by the fact that the U.S. Patent and Trademark Office has rejected their arguments on three separate occasions. Yet Defendants presented no evidence that the claim limitation requiring the food products produced by the

claimed methods be "rich in glucosinolates" (or similar requirements) is an inevitable, necessary and therefore inherent result of practicing the prior art.  Not only did Defendants fail to come forward with such evidence, they expressly did not dispute Brassica's scientific evidence that cruciferous sprouts are not inherently rich in glucosinolates.  Defendants instead try to ignore this limitation and move for judgment as a matter of law based on a mischaracterization of the Brassica patent claims and a misunderstanding of what is required to prove that a patent claim is anticipated by an alleged inherent teaching of the prior art.

Had Defendants come forward with some evidence, in the form of results of analyses of cruciferous sprouts or other scientific evidence (perhaps even an affidavit of an expert), then the fact issue of inherency potentially would have been in dispute, and summary judgment would have been inappropriate.  Their failure to do so eliminates factual issues and allows the Court to decide the validity issue as a matter of law.  Moreover, not only have Defendants not disputed Brassica's evidence that "rich in glucosinolates" is not an inherent characteristic of all food products made from cruciferous sprouts, they essentially admit that this is the case in their brief.  E.g., see Defendants' Joint Reply to Plaintiffs' Memorandum on Claim Construction at 15 ("Brassica's assay results, obtained from assaying sprouts produced by practice of the prior art, showed that some of the sprouts had greater amounts of glucosinolates than did others.")

The parties dispute the legal significance of these facts, but the material facts are not disputed. Defendants have provided no basis for believing that the admitted facts would change after further discovery. Thus this case is ripe for summary judgment in favor of Brassica on the anticipation issue.[1]

### Brassica's Cross-Motion Is Not Premature

Defendants cannot credibly argue that Brassica's cross-motion for summary judgment is premature. They have had more than ample time to develop the evidence to support their inherency argument. Indeed, to avoid a finding of willful infringement, they should have developed whatever evidence they could before they commenced infringing activities. See Johns Hopkins University v. Cellpro, Inc., 152 F.3d 1342, 1364 (Fed. Cir. 1998).

Nor have Defendants made a request for relief under Fed. R. Civ. P. 56(f) identifying what additional discovery they would need or how it would be relevant. Rule 56(f) requires that a party seeking additional discovery file an affidavit with the Court detailing:

(i) the further information that is sought and the means to obtain that information;
(ii) the genuine issue of material fact that will be raised by that information;

---

[1] On page 2 of their opposition brief, Defendants appear to suggest that they are not prepared at this time to resolve the issue of anticipation under 35 U.S.C. § 102(b) on summary judgment. Instead, they suggest that they filed their motion for summary judgment requesting a "finding that the claims of the Brassica patents are invalid based on the legal issue of 'what can be patented.'" (Emphasis supplied). This statement has no meaning under the patent laws and underscores the fundamental problem with defendants' motion. To establish invalidity under 35 U.S.C. § 102, defendants bear the burden of proving by clear and convincing evidence that each element of the challenged claims can be found in a single prior art reference, either expressly or inherently. Defendants have steadfastly avoided doing this, instead attempting to rely on an "emotional" and allegedly "logical" argument that one cannot patent a broccoli sprout. Brassica respectfully asserts, and defendants implicitly agree, that if the invalidity issue under 35 U.S.C. § 102 is framed appropriately, defendants' summary judgment must be denied and Brassica's cross-motion should be granted.

(iii) the efforts the affiant has used to obtain the information; and

(iv) the reasons that the affiant's efforts failed.

See Assad v. Caldera, 1999 U.S. Dist. LEXIS 22283 (D.C. Md. 1999); see also United States v. Smithfield Foods, Inc., 969 F. Supp. 975, 978 (E.D. VA. 1997).

Here, defendants have filed no affidavit detailing any discovery that they need for purposes of opposing Brassica's cross-motion and have completely failed to comply with Fed. R. Civ. P. 56(f). Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995) ("[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirements of Rule 56(f) to set out reasons for the need for discovery in an affidavit.")

### Brassica's Motion Is Not Precluded by the Scheduling Order or the Local Rules

The Court's Scheduling Order sets a "deadline" for filing summary judgment motions of September 28, 2001, but does not preclude the filing of summary judgment motions before this date. This is evidenced by the timing of defendants' summary judgment motion. Brassica submits that it is proper -- and even desirable -- for the Court to consider its cross-motion for summary judgment at this time, especially in view of the fact that it is based on the identical issues raised in defendants' summary judgment motion, and on the same record being relied upon by Brassica in its opposition to defendants' motion.

Defendants' reliance on Local Rule 105(2)(c) is misplaced. This rule provides that in a two-party case, where both parties intend to file summary judgment motions, counsel are to agree among themselves as to which party is to file an initial motion, followed by the combined cross-motion and opposition, and subsequent replies. As an initial matter, this is not a two party case and Local Rule

105(2)(c) would not appear to apply to this MDL consolidated action. Furthermore, even if it did, the scheduling scheme provided by Local Rule 105(2)(c) is exactly what has been followed here.

### Brassica's Motion Does Not Foreclose Other Challenges That Defendants Might Make

Defendants appear to assert that Brassica's cross-motion is inappropriate because defendants may be foreclosed from challenging the Brassica patents on other grounds (e.g. obviousness). Defendants misunderstand Brassica's cross-motion. Brassica does not move for judgment that the patents are valid; it moves for judgment that they are not invalid under §102(b) as anticipated by the prior art of record. Brassica's cross-motion relates only to defendants' invalidity arguments under 35 U.S.C. §102(b) based on the prior art being relied upon by defendants. If Brassica's cross-motion is granted, defendants will not be precluded from challenging the Brassica patents on other grounds.

Finally, defendants' argument that Brassica's cross-motion is inappropriate because it is "unclear to what extent Plaintiffs are relying on the results of the *ex parte* patent reexamination, or the entry of two consent judgments regarding the patents-in-suit" (Opposition Br. at 4) is also without merit. Brassica's combined memorandum in opposition to defendants' summary judgment motion and in support of Brassica's cross-motion for summary judgment sets out the basis for Brassica's cross-motion, including the extent to which Brassica is relying on the reexamination procedure. Brassica's memorandum does not mention the two consent judgments, and Brassica is not relying on them.

## CONCLUSION

In view of the forgoing and Brassica's memorandum in support of Brassica's cross-motion for summary judgment, Brassica's motion for summary judgment should be granted.

Respectfully submitted,

_____
E. Anthony Figg
Joseph A. Hynds
/s/ Mark I. Bowditch
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
555 Thirteenth Street, N.W., Suite 701E
Washington, DC 20004
(202) 783-6040
*Attorneys for Plaintiffs and Co-Liaison Counsel*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT THAT THE PATENTS-IN-SUIT ARE NOT INVALID was caused to be served on the 19th day of July, 2001, by Federal Express, next day delivery, to:

> Philip M. Andrews
> Kramon & Graham, P.A.
> One South Street
> Suite 2600
> Baltimore, Maryland 21202

_____
/s/Mark I. Bowditch