IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

IN RE:                              *
CRUCIFEROUS SPROUT                      MDL Docket No. 1388
PATENT LITIGATION                   *

                                    *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## RULE 54(b) DETERMINATION

Federal Rule of Civil Procedure 54(b) provides in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

This Court recognizes the importance of preventing piecemeal appeals of a case. As stated by then Judge (now Justice) Kennedy in *Morrison-Knudsen Co. v. Archer*:

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.

655 F.2d 962, 965 (9th Cir. 1981).

Of course, Rule 54(b) may be utilized, where appropriate, in patent cases. See *W.L. Gore & Associates, Inc. v. IMPRA, Inc.*, 975 F.2d 858 (Fed. Cir. 1992). The Federal Circuit has expressly held that in matters relating to its jurisdiction, including whether or

not an appeal under Rule 54(b) is appropriate, it will apply its own law. *State Contracting & Engineering Corp. et al. v. State of Florida*, 258 F.3d 1329 (Fed. Cir. 2001); *Enercon Industries Corp. v. Pillar Corp.*, 105 F.3d 1437, 1439 n.2 (Fed. Cir. 1997).

The standard applied by the Federal Circuit in determining the appropriateness of entering judgment under Rule 54(b) is the test set out by the Supreme Court: (1) whether the judgment is final with respect to one or more claims and (2) whether there is no just reason for delay. *W.L.* Gore, 975 F.2d at 861-862 (citing *Sears, Roebuck & Co. v. Mackey et al.*, 351 U.S. 427, 436 (1956). In making this determination, the district court should consider:

>  (1)   whether the claims adjudicated are separable from the remaining claims;
>
>  (2)   whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals;
>
>  (3)   the relationship of the adjudicated claims to the unadjudicated claims.

*W.L. Gore*, 975 F.2d at 862.

In light of the foregoing factors, this Court notes the following regarding the above-captioned actions:

>  1.   The Complaints charged each of the Defendants with infringing three patents, without identifying any particular patent claims.

2. The Defendants filed a Motion for Partial Summary Judgment, directed to certain of those patent claims, specifically claims 1-6, and 9 of U.S. Patent No. 5,725,895; claims 1 and 8 of U.S. Patent 5,968,567; and claims 1 and 16 of U.S. Patent No. 5,968,505, and argued that those selected claims were invalid. The Plaintiffs filed a counter-motion for summary judgment, asserting that the identified claims of the patents-in-issue were not invalid. The Court held a hearing in accordance with *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 970-71 (Fed. Cir. 1995)(en banc), *aff'd,* 517 U.S.370 (1996) in conjunction with the hearing on those summary judgment motions. After construing the patent claims at issue, the Court issued a Memorandum and Order on August 8, 2001 granting the Defendants' motion for partial summary judgment, and denying the Plaintiffs' motion for summary judgment.

3. The Plaintiffs subsequently have stipulated that they will not assert any of the remaining patent claims against the Defendants. Thus, the only patent claims being asserted by the Plaintiffs are the patent claims that this Court has found to be invalid. As a result, the determination that the selected claims were invalid, unless reversed on appeal, ends the litigation as to the Plaintiffs' infringement claim or cause of action.

4. The parties agree that there is no just reason for delay in entry of a final judgment with respect to the Plaintiffs' infringement claim.

5. The only remaining claims are the Defendants' counterclaims. Some of those counterclaims rest on the Defendants' assertion that the patents-in-suit are invalid. All of those counterclaims will be affected by the judgment of this Court granting Defendants' Motion for Partial Summary Judgment Regarding Invalidity of the Patents-in-Suit.

6. In this case, the issue of the patents' invalidity was separated from the other issues as part of trifurcation, and was the first in a sequence of issues to be decided regarding by the Court.

7. This is a multi-district litigation. At the Plaintiffs' request, the cases were consolidated for the purposes of discovery and the determination of common invalidity issues. Following discovery and following disposition of the invalidity issues, the underlying cases are to be returned to the several district courts in which they were initially filed.

The requisite two-step determination is met in the present case. First, the contemplated judgment would most certainly be "final" in the Rule 54(b) sense since it reflects the resolution of all issues relating to the Plaintiffs' claims in this case. Second, the unadjudicated claims are Defendants' counterclaims, which will be affected by the invalidity of the patents-at-issue and are otherwise severable from the adjudicated claims.

For the foregoing reasons, the Court determines that:

1. A "final" judgment can be entered resolving the Plaintiffs' claims.

2. There is no just reason for delay in the entry of such judgment; and

3. Judgment pursuant to Rule 54(b) shall be entered by separate Order.

SO ORDERED this _____ day of _____, 2001.

_____
William M. Nickerson,
United States District Judge