## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

|  |  |  |
|---|---|---|
| | * | |
| IN RE: | * | |
| CRUCIFEROUS SPROUT | | MDL Docket No. 1388 |
| PATENT LITIGATION | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### SUPPLEMENTAL MEMORANDUM OF
### DEFENDANTS  SUNRISE FARMS, FRANK CRIKELAIR
### AND BECKY CRIKELAIR IN OPPOSITION TO PLAINTIFFS'
### MOTION TO STRIKE AFFIRMATIVE
### DEFENSES AND TO DISMISS COUNTERCLAIMS

**I.    Procedural Background**

At the inception of this litigation, Brassica Protection Products LLC and Johns Hopkins University (collectively, "the plaintiffs") charged Sunrise Farms, Inc., and Frank and Becky Crikelair (collectively, the "Wisconsin Defendants") with the infringement of certain claims of U.S. Patent Nos. 5,725,895 ("the '895 patent"), 5,968,567 ("the '567 patent"), and 5,968,505 ("the '505 patent") (collectively, "the patents-in-suit").  Since then, as a result of said certain claims of the patents-in-suit having been declared invalid by this Court, the affirmance of that decision by the Court of Appeals for the Federal Circuit, the denial of Plaintiffs' requests for rehearing and hearing, *en banc,* and the repeated denials of Plaintiffs' petition for certiorari by the United States Supreme Court, several of the issues addressed in the Plaintiffs' original motion to strike and the Wisconsin Defendants' response thereto have become moot.  This Court by its order of 15 April 2003, has allowed the Wisconsin Defendants the opportunity to file a brief supplemental opposition.

II.  **The Present Procedural Posture Of The Case Has Rendered Some Of The Wisconsin Defendants' Affirmative Defenses And Counterclaims Moot, While Emphasizing The Relevance And Necessity Of Other Affirmative Defenses And Counterclaims Of The Wisconsin Defendants.**

The standards for judging a motion to strike are already known to the Court.

The Wisconsin Defendants' affirmative defenses II, III, IV, V, VII, VIII, IX, X, and XX(1), are all moot in view of this Court's ruling of patent invalidity of relevant claims of the patents-in-suit.  Likewise, the Wisconsin Defendants' counterclaim for intervening rights is now moot.

The Wisconsin Defendants' Affirmative Defenses XI-XIV and XIX and their counterclaim alleging damages as a result of Plaintiffs' failure to conduct a reasonable pre-filing investigation remain.

With respect to these issues, the Wisconsin Defendants supplement their prior arguments as follows:

1.  The record contains the clear admission by the Plaintiffs that, prior to bringing the present lawsuit against not only the business entity Sunrise Farms but also personally against Frank Crikelair and Becky Crikelair, "no person or entity representing Brassica or Johns Hopkins [the Plaintiffs] has ever inspected or sought inspection of Sunrise Farms, Inc.'s physical facilities used to manufacture broccoli sprouts."   See Plaintiffs' Answer to Sunrise's Counterclaims at paragraph 42, page 3.

2.  "[T]he cases are clear that a patent infringement plaintiff bears a significant pre-filing investigation burden before asserting a patent claim and that such a burden cannot be fulfilled by merely filing suit on a suspicion of infringement and then asking for discovery to prove up the suspicion." *Nasatka v. Delta Scientific Corp.*, 1994 U.S. Dist. LEXIS 20973, 34 U.S.P.Q.2D (BNA) 1649, 1652 (E.D. Va. 1994), *vacated on other grounds*, 37 U.S.P.Q.2D (BNA) 1223 (E.D. Va.

1994)(citing *Refac Int'l, Ltd. v. Kane Steel Co., Inc.* 894 F.2d 1318 (Fed. Cir. 1990).

3.    The claims of the patents-in-suit that were asserted to be infringed, with one exception, were method claims.  Infringement of a method patent is determined by comparison of the allegedly infringing process used to the patented process, and not a comparison of the commercial end products. *Zenith Laboratories, Inc. v. Bristol-Myers Squibb Co.* 19 F.3d 1418, 1423 (Fed. Cir. 1994) *cert. denied,* 513 U.S. 995, 130 L. Ed. 2d 409, 115 S. Ct. 500 (1994).

4.    Since it is admitted that no inspection of the Wisconsin Defendants' physical facilities used to manufacture broccoli sprouts ever happened or was ever sought. The pleadings on their face demonstrate that no inspection of the allegedly infringing process of the Wisconsin Defendants ever occurred.  A court may infer bad faith where a "patentee is manifestly unreasonable in assessing infringement, while continuing  to assert infringement in court." *Eltech Sys. Corp. v. PPG Indus.,* 903 F.2d 805, 811 (Fed. Cir. 1990).

5.    The counterclaims of the Wisconsin Defendants clearly address a duty that the law recognizes is incumbent upon a patentee, i.e., to conduct a reasonable prefiling investigation.   The pleadings on their face demonstrate that no reasonable investigation occurred.  The Wisconsin Defendants' counterclaims against Plaintiffs addressing Plaintiffs' failure to conduct a reasonable prefiling investigation and their Affirmative Defenses XI-XIV and XIX, are based upon sound law and undisputed facts.  They must be allowed to go forward.

### III.      <u>CONCLUSION</u>

Plaintiffs' motion must be denied.


Date:      28 April 2003                    _____/S/_____

                                           Joseph A. Kromholz
                                           Daniel R. Johnson
                                           Ryan Kromholz & Manion, S.C.
                                           Post Office Box 26618
                                           Milwalkee, Wisconsin 52336-0618

                                           Attorneys for Defendants,
                                           Sunrise Farms, Frank and Becky Crickelair


                                           Submitted by:

                                           _____/S/_____
                                           Philip M. Andrews
                                           Kramon & Graham, P.A.
                                           One South Street, 26th floor
                                           Baltimore, Maryland 21202
                                           (410) 752-6030

                                           Defendants' Liaison Counsel