**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

|  |  |  |
|---|---|---|
| IN RE: | * | |
| CRUCIFEROUS SPROUT | * | MDL Docket No. 1388 |
| PATENT LITIGATION | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFFS' REPLY BRIEF TO THE SUNRISE FARMS DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES AND DISMISS COUNTERCLAIMS

Pursuant to this Court's April 15, 2003 Order, Plaintiffs Brassica Protection Products LLC and Johns Hopkins University (collectively "Brassica") respectfully submit this Reply Brief to the Supplemental Memorandum in Opposition to Plaintiffs' Motion to Strike Affirmative Defenses and Dismiss Counterclaims ("Supplemental Opposition") filed by Defendants Sunrise Farms, Frank Crikelair and Becky Crikelair (collectively "Sunrise Farms").  As demonstrated below, all of Sunrise Farms' affirmative defenses should be struck as moot and Sunrise Farms' counterclaims should be dismissed with prejudice as moot and/or for failure to state a cause of action.  Accordingly, Plaintiffs' Motion to Dismiss should be granted.

**I.   BRASSICA AGREES THAT SUNRISE FARMS' AFFIRMATIVE DEFENSES II-V, VII-X AND XX(1) AND COUNTERCLAIM FOR "INTERVENING RIGHTS" ARE MOOT.**

Sunrise Farms states that its affirmative defenses II-V, VII-X and XX(1) and its counterclaim for "intervening rights" now are all moot.  Supplemental Opposition, at 2.  Brassica agrees.  Accordingly, Brassica's Motion, at least with respect to these affirmative defenses and counterclaim, should be granted.

II. **SUNRISE FARMS' REMAINING AFFIRMATIVE DEFENSES XI-XIV AND XIX ARE ALSO MOOT BECAUSE ALL OF BRASSICA'S UNDERLYING CLAIMS ARE GONE BECAUSE OF THE INVALIDITY RULING.**

Unfortunately, Sunrise Farms continues to assert affirmative defenses XI-XIV and XIX. Supplemental Opposition, at 2. These affirmative defenses are all solely based on Brassica's alleged failure to conduct a reasonable investigation prior to filing suit against Sunrise Farms. However, these *affirmative defenses* are also moot because Brassica does not have any remaining claims against Sunrise Farms in this action. This is because the Court invalidated the claims of the patents-in-suit that were asserted against Sunrise Farms. Therefore, there is simply no need for any affirmative defenses to remain in this case because there are no underlying claims pending against Sunrise Farms requiring a defense.

III. **SUNRISE FARMS' COUNTERCLAIM FOR " FAILURE TO CONDUCT A REASONABLE PRE-FILING INVESTIGATION" FAILS TO STATE A CAUSE OF ACTION.**

Sunrise Farms intends to pursue its single remaining counterclaim for failure to conduct a reasonable pre-filing investigation. Supplemental Opposition, at 2. There are at least three independent reasons why this counterclaim should be dismissed with prejudice, any one of which would be sufficient to grant Brassica's Motion. First, allegations of an inadequate pre-filing investigation can be the basis for a Federal Rules of Civil Procedure Rule 11 motion, but do not provide the basis for a cause of action. Second, as a matter of law, an inspection of facilities is not a *per se* requirement for a reasonable pre-filing investigation of infringement of patented method claims . Third, Brassica's actual pre-filing investigation was reasonable.

    A.    **Sunrise Farms' Allegations Are Not a Cause of Action; They Are the Type Made in a Rule 11 Motion.**

There is no legally recognized cause of action for "failure to conduct a reasonable pre-filing investigation." Indeed, Sunrise Farms does not offer any legal authority to support a

002.1010745.2

cause of action for "failure to conduct a reasonable pre-filing investigation."  In fact, the cases relied upon by Sunrise Farms in support of its cause of action are all cases involving sanctions under Fed. R. Civ. P. 11.[1]  Sunrise Farms' allegation that Brassica failed to conduct a reasonable pre-filing investigation, if proven to be true, might provide a basis for sanction under Fed. R. Civ. P. 11, however, it does not provide a basis for a separate cause of action.  Moreover, in this case, Sunrise Farms has never complied with, or even sought to comply with, the requirements of Rule 11, and Brassica's pre-filing investigation was reasonable.  However, solely because allegations of an inadequate pre-filing investigation do not state a cause of action, the Court should dismiss with prejudice Sunrise Farms' counterclaim.

> **B.   A Reasonable Pre-Filing Investigation of a Method Patent Does Not Necessarily Require an Inspection of the Accused Infringer's Physical Facilities.**

In its Supplemental Opposition, Sunrise Farms makes clear that its counterclaim alleging that Brassica failed to conduct a reasonable pre-filing investigation is premised on only one fact:  that "no person or entity representing Brassica or Johns Hopkins has ever *inspected or sought inspection* of Sunrise Farms, Inc.'s physical facilities used to manufacture broccoli sprouts."  Sunrise Farms' Supplemental Opposition, at 2 (Emphasis Added).  Brassica states

---

[1] *See* Sunrise Farms' Opposition p. 7 citing *View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981 (Fed. Cir. 2000); Sunrise Farms' Supplemental Opposition p. 2 citing *Nasatka v. Delta Scientific Corp.*, 1994 U.S. Dist. LEXIS 20973, 24 U.S.P.Q.2d (BNA) 1649, 1652 (E.D. Va. 1994), *vacated*, 37 U.S.P.Q.2d (BNA) 1223 (E.D. Va 1994)(citing *Refac Int'l, Ltd. v. Kane Steel Co., Inc.*, 894 F.2d 1318 (Fed. Cir. 1990).  Although Sunrise Farms represents to this Court that the decision in *Nasatka v. Delta Scientific Corp.* was "vacated on other grounds," a review of the subsequent history makes clear that decision was not "vacated on other grounds."  Rather, it was vacated because upon reconsideration, the court finding that, no sanctions were warranted based on new facts .  *Nasatka*, 37 U.S.P.Q.2d 1223 (E.D. Va. 1994).

3

again that no such physical inspection or tour occurred.  *See* Plaintiffs' Answer to Counterclaim, ¶ 42.  However, Sunrise Farms erroneously equates "inspection" with "investigation."  The fact that Brassica did not inspect or seek inspection of Sunrise Farms' facilities does not mean that Brassica did not conduct a reasonable pre-filing investigation-- the two terms are not synonymous.

Indeed, the Federal Circuit has made it clear that an actual inspection of an alleged infringers' production facilities is *not* a requirement to satisfying Rule 11 prior to filing suit. [2]  Accordingly, because an actual inspection of Sunrise Farms' facilities is not required, the fact that Brassica did not inspect or seek inspection of Sunrise Farms' facilities is insufficient to state a cause of action.  In fact, plaintiffs did not have the right nor permission to enter Sunrise Farms' property to inspect their facilities.

### C. Brassica's Pre-Filing Investigation Was Reasonable.

In this case, Brassica spent nearly 2 ½ years in an effort to resolve the dispute with Sunrise Farms prior to filing suit.  *See* Declaration of Antony Talalay in Support of Plaintiffs'

---

[2] *See Hoffman-La Roche, Inc. v. Invamed Inc.*, 213 F.3d 1359, 1364-65 (Fed. Cir. 2000) (no Rule 11 sanctions were warranted for filing suit and engaging in discovery despite the fact that the plaintiff did not know the method by which the accused infringers' product was manufactured and did not have evidence of infringement or non-infringement after a pre-suit investigation); *Cambridge Prods. Ltd. v. Penn Nutrients, Inc.*, 962 F.2d 1048, 1050 (Fed. Cir. 1992) (Court found a reasonable pre-filing investigation was made despite the fact that "[Plaintiff] did not make any attempt to determine the method by which the [allegedly infringing product] was made before the complaint was filed and that a simple phone call to Penn would have revealed that the method was not the same."); *see also Dome Patent L.P., v. Permeable Technologies, Inc.*, 190 F.R.D. 88, 92 (W.D.N.Y. 1999) ("If, as [Defendant] contends, [Plaintiff] has no precise knowledge of a number of facts relevant to the method by which [Defendant] produces its contact lens materials, that is attributable to the difficulty, if not impossibility, of [Plaintiff] obtaining that information without discovery.  [Defendant's] motion to dismiss based on a violation of Rule 11 is therefore denied.").

002.1010745.2

Supplemental Reply Brief (sworn to May 5, 2003 (filed May 12, 2003) ("Talalay Decl.") ¶¶4-13. During this time period, Brassica and Sunrise Farms discussed Brassica's patents, including a potential business relationship and a license to use Brassica's patents. *Id.* at ¶7. Brassica provided Sunrise Farms with a confidentiality agreement to facilitate further discussions. *Id.* at ¶8. However, when Sunrise Farms did not sign the agreement and when Brassica did not receive any substantive response from Sunrise Farms for several months, *Brassica obtained samples of Sunrise Farms' broccoli sprouts, thoroughly inspected the sprouts and confirmed its belief that Sunrise Farms was infringing claims of the patents-in-suit. Id.* at ¶¶ 8, 9.

Inspecting Sunrise Farms' broccoli sprouts product and the information on their package label, was completely sufficient to provide all the information necessary to determine whether Sunrise Farms was infringing certain claims of the patents-in-suit. For example, claim 1 of U.S. Patent No. 5,775,895 recites:

> A method of preparing a food product rich in glucosinolates, comprising germinating cruciferous seeds, with the exception of cabbage, cress, mustard and radish seeds, and harvesting sprouts prior to the 2-leaf stage, to form a food product comprising a plurality of sprouts.

Thus, to infringe claim 1 of the '895 patent, three elements must be proven: (1) there must be a food product that resulted from certain cruciferous seeds; (2) it must be rich in glucosinolates; and (3) it must have been harvested prior to the 2-leaf stage. Here, Brassica's pre-filing investigation revealed evidence of all three elements.

First, Sunrise Farms' broccoli sprouts are germinated from the type of cruciferous seeds covered by the '895 patent. Broccoli is cruciferous and not one of the seeds excepted from claim 1. This element was found by the fact that the food product was broccoli sprouts.

5

002.1010745.2

Second, that Sunrise Farms' broccoli sprouts are rich in glucosinolates is confirmed by Sunrise Farms' package label, which states:

> Recent studies show that certain broccoli sprouts contain the powerful anti-oxidant compound sulforaphane. Sunrise Farms, Inc. seeds have been laboratory tested to produce the highest quality, naturally grown broccoli sprouts. A great addition to salads and sandwiches.

Talalay Decl. Ex. 5. Sulforaphane is one of a class of chemicals called isothiocyanates, which are antioxidants and potent stimulator of natural detoxifying enzymes in the body. The glucosinolates found in broccoli sprouts are the biogenic precursors to isothiocyanates and are converted into sulforaphane. *See* '895 patent, col. 8, ln. 14-47. Accordingly, Sunrise Farms' advertising the health benefits of sulforaphane found in their broccoli sprouts supports the fact that their broccoli sprouts are rich in glucosinolates.

Third, a simple inspection of Sunrise Farms' broccoli sprouts themselves revealed that they were harvested prior to the 2-leaf stage. This is true because broccoli sprouts are sold with their leaves still attached. Thus, the Sunrise Farms' broccoli sprouts inspected revealed that they had fewer than two leaves at the time of harvest.

Thus, Brassica's inspection of Sunrise Farms' sprouts and package labels alone was sufficient to satisfy the reasonable pre-filing investigation requirement. The fact that Brassica did not actually inspect or seek to inspect Sunrise Farms' facilities is irrelevant and was not necessary. Instead, it obtained Sunrise Farms' publicly sold products to determine whether the claims in the patents-in-suit were infringed. Accordingly, this Court should dismiss with prejudice Sunrise Farms' counterclaim because as a matter of law Brassica's pre-filing investigation was reasonable.

**IV.   CONCLUSION**

002.1010745.2

For the foregoing reasons and those expressed in Brassica's moving and reply briefs, Brassica respectfully requests that this Court grant its motion and strike all of Sunrise Farms' remaining affirmative defenses and dismiss Sunrise Farms' remaining counterclaim.

Respectfully submitted,

Dated: May 12, 2003

/ S /

Lisa S. Mankofsky (General Bar No. 04940)
Michael Kaminski
Anthony H. Son
Foley & Lardner
3000 K Street, N.W., Suite 500
Washington, D.C. 20007
Telephone:  (202) 672-5300
Facsimile:  (202) 672-5399

002.1010745.2