IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

|  |  |
|---|---|
| IN RE: CRUCIFEROUS SPROUT PATENT LITIGATION | MDL Docket No. 1388<br>Hon. William M. Nickerson |

### CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

**WHEREAS,** the parties recognize that, pursuant to discovery or otherwise during the course of this action, each party as well as non-parties may be required to disclose trade secrets or other confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, and consistent with the Federal Rules of Civil Procedure and the decisions interpreting them.

**WHEREAS,** the parties have, through counsel, stipulated to entry of this Confidentiality Stipulation and Protective Order ("Order") pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information,

**IT IS HEREBY STIPULATED AND ORDERED** that the following provisions of this Order shall control the disclosure, dissemination, and use of information in this action:

1. This Order governs the handling of all documents, records, tangible materials, testimony, responses to discovery and other information produced, served, disclosed or filed, whether voluntarily or through discovery or other proceedings. All documents and things produced by one party to the other in this action shall also bear identifying numbers.

2. (a) The term "Confidential Information" as used in this Order includes all information that a designating party reasonably and in good faith believes constitutes or discloses trade secrets or other confidential research, development, marketing, technical, financial, personal,

002.1047636.5

or commercial information that the designating party has maintained in confidence or is under an obligation to maintain in confidence. Confidential Information may be contained in discovery produced or obtained in this action. The Confidential Information contained therein and all copies, recordings, abstracts, excerpts, summaries, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

   (b) The term "Outside Counsel Only Information" as used in this Order includes all information that a designating party reasonably and in good faith believes constitutes, discloses or comprises: (i) *competitively sensitive* information, such as marketing and competitive analyses, financial information, and distribution chain information; (ii) any attorney-client privileged communication or attorney work product that may need to be waived to defend against defendants' allegations; or (iii) any documents, information or communications that may create harassment against or embarrassment to a party. Outside Counsel Only Information includes all information, documents, and things referring or relating to the competitively sensitive information described in this paragraph, including, but not limited to copies, recordings, abstracts, excerpts, summaries, and analyses of the foregoing. Outside Counsel Only Information also includes any confidential communication between a party and the party's counsel, as well as any notes, working papers, memoranda or similar materials prepared by counsel in preparation for litigation or for trial or appeal.

   (c) The term "Patent Prosecution Bar Information" as used in this Order includes all information within the Outside Counsel Only category that a designating party reasonably and in good faith believes constitutes, discloses or comprises product design, formulation or method of use information.

2

3. Confidential Information and Outside Counsel Only Information shall be disclosed, disseminated, and used only for the limited and sole purpose of preparing for and conducting this action and not for any business, commercial, scientific, competitive or any other purpose whatsoever. Absent a specific order by the Court, Patent Prosecution Bar Information shall be disclosed, disseminated, and used only for the limited and sole purpose of preparing for and conducting this action and not for any business, commercial, scientific, competitive or any other purpose whatsoever (including, but not limited to, patent prosecution of the parties receiving the Patent Prosecution Bar Information).

4. Confidential Information, Outside Counsel Only Information, and Patent Prosecution Bar Information shall be identified, respectively, by the producing party or non-party by the designation "Confidential," "Confidential: Subject To Protective Order," "Outside Counsel Only," "Outside Counsel Only: Subject To Protective Order," "Patent Prosecution Bar," "Patent Prosecution Bar: Subject To Protective Order," or by a similar designation. Where such designation is made by stamping or similar means (including by oral designation transcribed or recorded), it shall be made by placing notice on the document, information, response to discovery, deposition or court transcript or record, information or document stored on diskette or otherwise in computer usable form, or tangible thing or object, in such a manner as will not interfere with the legibility or accessibility of the Confidential Information, Outside Counsel Only Information, or Patent Prosecution Bar Information. Information so designated shall be subject to the disclosure restrictions of this Order.

5. In the case of depositions, designation of the portion(s) of the transcript (including exhibits thereto) containing Confidential Information, Outside Counsel Only Information, or Patent Prosecution Bar Information shall be made by a statement to such effect on the record at any time

3

before the deposition is concluded or by a statement in writing sent to all counsel within thirty (30) business days after receipt of the transcript. If the designation is made during a deposition, only persons to whom disclosure of Confidential Information, Outside Counsel Only Information, or Patent Prosecution Bar Information is permitted shall remain present while that information is being used or discussed. During the pendency of the thirty (30) calendar days after receipt of the transcript, the entire testimony shall be treated as Outside Counsel Only Information. The reporter shall bind the transcript in separate portions containing the non-confidential information, Confidential Information, Outside Counsel Only Information, and Patent Prosecution Bar Information. No copy of any transcript (or exhibits thereto) of any deposition taken by a party that is designated in whole or in part as Confidential Information, Outside Counsel Only Information, or Patent Prosecution Bar Information shall be prepared or furnished by the reporter to any person other than to counsel for the parties. The parties may modify this procedure for any particular deposition through agreement on the record of such deposition, without further Order of this Court.

6.   The parties recognize that, during the course of this action, there may be produced Confidential Information, Outside Counsel Only Information, or Patent Prosecution Bar Information originating from a non-party to which there exists an obligation of confidentiality. Information originating with a non-party that a designating party reasonably and in good faith believes is subject to a confidentiality obligation may be designated in accordance with paragraphs 2 (a), (b) and (c) and shall be subject to the restrictions on disclosure specified in this Order.

7.   Any information that at the time of its disclosure in this action is part of the public domain by reason of prior publication or otherwise, through no act, omission or fault of the receiving party should not be designated as "Confidential Information," "Outside Counsel Only Information," or "Patent Prosecution Bar Information."

4

002.1047636.5

8. In the event any party or non-party discovers, after it has produced information, that it has inadvertently produced Confidential Information, Outside Counsel Only Information, or Patent Prosecution Bar Information that has not been appropriately designated in accordance with paragraphs 2 (a), (b) and (c), the producing party may, within twenty (20) calendar days of the discovery of such inadvertent production, designate the information in accordance with Paragraph 4 by a subsequent notice in writing specifically identifying the information and furnishing the correct designation, in which event the parties shall henceforth treat such information as provided in this Order, and shall use their best efforts to retrieve any disclosure, dissemination, or use of such information, which were made prior to the redesignation and which is inconsistent with the redesignation. A party or nonparty may redesignate the information or documents it produces as Patent Prosecution Bar Information, but only on the condition that the producing party or nonparty does not seek to take any action or seek any relief based on the disclosure of that information or documents that occurred in accordance with this Agreement prior to receipt of the notice of the redesignation.

9. Until or unless the Court rules that anything designated as Confidential Information is not confidential or should be disclosed beyond the limits permitted by this Order, Confidential Information shall be disclosed only to the following persons:

    (a) To this Court and its staff;

    (b) To court reporters and their staff in performance of their duties connected to this action;

    (c) To any particular person when the designating party agrees in writing;

    (d) To former employees of the designating party, but only to the extent that it appears from the face of the document containing Confidential Information, Outside Counsel Only

Information, or Patent Prosecution Bar Information that the witness authored or received a copy of it;

(e) To outside counsel for the respective parties, including their clerical, litigation support, and paralegal employees. As used herein, "outside counsel" shall mean, in the case of plaintiffs Brassica Protection Products L.L.C. and Johns Hopkins University, the two firms of Foley & Lardner and Rothwell, Figg, Ernst & Manbeck; in the case of defendants Sunrise Farms, Inc., Becky Crikelair, Frank Crikelair, Edrich Farms, Edward B. Stanfield, III, Edward F. Stanfield, Jr., Richard Stanfield, Sally F. Stanfield, International Specialty Supply, and Robert L. Rust, the two firms of Ryan, Kromholz & Manion. S.C. and Kramon & Graham, P.A.

(f) One party employee previously identified to the other in writing who has signed the Confidentiality Agreement in the form of Attachment A hereto: In the event there is a need to replace a party employee identified in this subsection (f) with another party employee, the party seeking the substitution shall request in writing the consent of the opposing party(ies) to the substitution, and such consent shall not be unreasonably withheld. The substituted party employee shall use Confidential Information solely for purposes appropriate to participation in this case and shall sign the Confidentiality Agreement in the form of Attachment A hereto prior to obtaining access to Confidential Information.

(g) To expert consultants retained by counsel to assist in the preparation toward trial or trial of this action, including such experts' support staff normally employed by such experts in the course of their activities; provided, however, that:

(1) Such expert is not a named inventor of any patent-in-suit;

(2) Such expert is not currently an employee or principal of a party or of an affiliated company to a party, or of a former party in this case or of an affiliated company to such

former party. As used herein, the term "affiliated company" shall mean any company (no matter what form, including, but not limited to, a corporation, partnership or unincorporated entity) that directly or indirectly controls, is controlled by or is under common control with, or becomes in control of, under common control with or controlled by, another company (no matter what form, including, but not limited to, a corporation, partnership or unincorporated entity). A company shall be deemed to control another company if the controlling company owns more than fifty percent (50%) of the voting power of the controlled company or possesses, directly or indirectly, the power to direct or cause the direction of the management and policies of the controlled company, whether through ownership of shares or other equity or creditor interests, by contract or otherwise;

        (3) Counsel desiring to disclose Confidential Information, Outside Counsel Only Information, or Patent Prosecution Bar Information to such an expert shall first obtain a signed Confidentiality Agreement from the expert in the form of Attachment A hereto; and,

        (4) Confidential Information, Outside Counsel Only Information, or Patent Prosecution Bar Information shall not be disclosed to such an expert for a period of five (5) calendar days after receipt of service on the designating party of a copy of the signed Confidentiality Agreement, along with the expert's curriculum vitae. If the designating party objects in writing to the disclosure of Confidential Information, Outside Counsel Only Information, or Patent Prosecution Bar Information to such expert within five (5) calendar days after receipt of service of the signed Confidentiality Agreement and curriculum vitae and the objecting party moves within ten (10) calendar days of such objection to disqualify the identified expert, no disclosure shall be made to that expert without prior written approval of the Court or the designating party. The designating party shall have the burden of establishing the need for excluding such expert from access to the Confidential Information, Outside Counsel Only Information, or Patent Prosecution

Bar Information. Nothing in this paragraph shall prevent any party from moving to resolve an issue of expert qualification before the 10-day period prescribed above.

(h)   To translators of foreign language documents who are not employed by one of the parties and who are retained to provide translations of any Confidential Information, Outside Counsel Only Information, or Patent Prosecution Bar Information requested by counsel for one of the parties, provided that the party first obtains a signed Confidentiality Agreement in the form of Attachment A hereto from each translator.

(i)   To outside copy services and litigation support vendors whose functions require them to have access to Confidential Information, Outside Counsel Only Information, or Patent Prosecution Bar Information.

10.   Until or unless the Court rules that anything designated as Outside Counsel Only Information is not properly designated or should be disclosed beyond the limits permitted in this Order, Outside Counsel Only Information shall be disclosed only to those persons identified in paragraphs 9 (a)- (e), and (g)-(i).

11.   (a)   Until or unless the Court rules that anything designated as Patent Prosecution Bar Information is not properly designated or should be disclosed beyond the limits permitted in this Order, Patent Prosecution Bar Information shall be disclosed only to those persons identified in paragraphs 9 (a)- (e), and (g)-(i), provided such persons do not engage in patent prosecution related to harvesting cruciferous sprouts for the parties receiving the Patent Prosecution Bar Information.

(b)   No person who receives information or materials designated as Patent Prosecution Bar under this Order may, after receiving such information, directly participate in the preparation or prosecution of any patent applications, reissue proceedings, or reexamination proceedings with the United States Patent and Trademark Office ("PTO") or any similar

8

proceedings with any foreign counterpart to the PTO, involving any patent or patent application, prepared on behalf of any party receiving such Patent Prosecution Bar Information, having claims related to harvesting cruciferous sprouts during and for one (1) year following the conclusion of this case, including any appeals.

(c) Mass, indiscriminate, or routinized designations of Patent Prosecution Bar Information are prohibited. Designations of Patent Prosecution Bar Information that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), shall expose the designating party to sanctions.

12. Written or tangible material constituting or revealing Confidential Information, Outside Counsel Only Information, or Patent Prosecution Bar Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "Confidential," "Outside Counsel Only," or "Patent Prosecution Bar" and a statement substantially in the following form:

> This envelope contains documents filed in this case by [name of party] and is not to be opened nor the contents thereof to be displayed nor revealed except (1) by written agreement of the parties or (2) by Order of this Court.

This paragraph shall not prevent a second copy of any such pleading or other document specifically intended for review by the Court from being hand-delivered to Chambers to assure prompt attention thereto, so long as reasonable safeguards are observed to maintain the confidentiality of the documents. Further, the party making such filing shall simultaneously submit a motion and accompanying order pursuant to Local Rule 105.11 ("Sealing").

9

13. The Clerk of this Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 12 or any other provision hereof.

14. No Confidential Information shall be made part of a public record, except upon prior approval of the Court.

15. No Outside Counsel Only Information or Patent Prosecution Bar Information shall be made part of a public record or disclosed to anyone other than those persons designated in this Order, except upon prior approval of the Court.

16. If a party receiving any Confidential Information, Outside Counsel Only Information, or Patent Prosecution Bar Information objects to such designation, such party shall first make its objection known to the designating party and request any change of designation that is desired. The parties will attempt to resolve any challenge in good faith on an expedient and informal basis. The designating party may, at any time, withdraw the designation by that designating party. Should counsel for a party determine that the designation issue requires the Court's attention for resolution, counsel shall so inform opposing counsel and discuss the dispute one final time before calling the Court to schedule a chambers conference or telephone conference call to review the matter. Should counsel find they are unable to resolve the designation issue, they shall jointly call the Court to schedule a time for a chambers conference or telephone conference call to review the matter. Once a conference has been scheduled, each party may file with the Court prior to such conference a two-page letter memorandum setting forth the designation dispute and its position with respect thereto. Motions filed pursuant to Rules 26 and 37, Fed. R. Civ. P., without following the foregoing procedure shall be denied. After submission of the letter memoranda, should the Court find a formal motion and briefing are

necessary, it shall establish an appropriate briefing schedule. The designating party shall have the burden of showing good cause as to why a "Confidential," "Outside Counsel Only," or "Patent Prosecution Bar" designation under this Order should not be changed or removed. The information in issue shall continue to be treated as designated until the Court orders otherwise.

17. This Order shall be without prejudice to the right of either party to oppose production of any document or information for any reason other than confidentiality. This Order may be changed by further Order of the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

18. In the event that any non-party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered Confidential Information, Outside Counsel Only Information, or Patent Prosecution Bar Information by such non-party, such non-party may elect to be bound by the terms of this Order by notifying counsel for all parties in writing that the nonparty agrees to be bound by the terms of this Order and agrees that the Court shall have jurisdiction over it to enforce any provision of this Order. Upon service of such notice such non-party may designate documents and information as "Confidential," "Outside Counsel Only," or "Patent Prosecution Bar" in the manner set forth in this Order, and such non-party's Confidential Information, Outside Counsel Only Information, or Patent Prosecution Bar Information shall be treated in the same manner as the Confidential Information, Outside Counsel Only Information, or Patent Prosecution Bar Information of a party to this action. In the event that a non-party who has elected to be governed by this Order is subpoenaed by this Court or another Court, such Court shall have jurisdiction to entertain and decide any motion regarding such non-party brought pursuant to this Order or otherwise enforce the provisions of this Order regarding such non-party.

002.1047636.5

19. Within sixty (60) days of final termination of this action, each party or non-party or other person subject to the terms of this Order, with the exception of the Clerk of the Court, shall be under obligation to return or destroy all material designated as "Confidential," "Outside Counsel Only," or "Patent Prosecution Bar" under this Order and all copies thereof; provided, however, that the parties' outside counsel may retain pleadings filed in court, deposition and court transcripts or recordings, and any Outside Counsel Only Information or Patent Prosecution Bar Information, subject to the provisions of this Order. For purposes of this Order, the phrase "final termination of this action," shall mean final resolution of this action and of any and all appeals of this action. Counsel for the parties shall certify in writing that they and all persons to whom they disclosed Confidential Information, Outside Counsel Only Information, or Patent Prosecution Bar Information have complied with this paragraph.

20. Following final termination of this action, the Clerk of the Court is permitted to return to designating counsel any and all material, including but not limited to all material designated as "Confidential," "Outside Counsel Only," or "Patent Prosecution Bar" and to destroy all sealed material.

21. This Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Order.

22. Each party or person bound by this Order shall be entitled to move for modification of this Order for good cause after notice to the other parties, such as: (a) applying to the Court for relief therefrom or to permit access to additional persons or categories of persons; (b) applying to the Court for further or additional protective orders; or (c) agreeing between the parties to modify this Order, subject to approval of the Court. Prior to any such motion for modification, counsel shall attempt to reach agreement without resort to the Court.

23. Production or disclosure of Confidential Information, Outside Counsel Only Information, or Patent Prosecution Bar Information under this Order shall not prejudice the right of any party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts.

Dated: September 5, 2003

_____
Lisa S. Mankofsky (General Bar No. 04940)
Michael D. Kaminski
Anthony H. Son
Jacqueline D. Wright
FOLEY & LARDNER
3000 K Street, N.W., Suite 500
Washington, DC 20007
(202) 672-5300

*Counsel for Plaintiffs Brassica Protection Products LLC and Johns Hopkins University*

_____
Philip M. Andrews
Kramon & Graham, P.A.
One South Street
Suite 2600
Baltimore, Maryland 21202

*Counsel for Edrich Farms Edward B. Stanfield, III, Edward F. Stanfield, Jr., Richard Stanfield, Sally F. Stanfield, and International Specialty Supply and Robert L. Rust*

002.1047636.5

_____
Joseph A. Kromholz
Daniel Johnson
Ryan, Kromholz & Manion, S.C.
P.O. Box 26618
Milwaukee, Wisconsin 53226-0618

*Counsel for Sunrise Farms, Inc. Becky Crikelair, Frank Crikelair, and International Specialty Supply and Robert L. Rust*

## ORDER

Based upon the foregoing Stipulation, and good cause having been shown, the **THE STIPULATION IS APPROVED AND SO ORDERED** THIS 11th DAY OF September, 2003.

_____
United States District Judge
15
002.1047636.5

## ATTACHMENT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| IN RE: CRUCIFEROUS SPROUT ) <br> PATENT LITIGATION ) <br> ) | MDL Docket No. 1388 <br> Hon. William M. Nickerson |

### CONFIDENTIALITY AGREEMENT

I, _____, being first duly sworn on oath, depose and say: that I reside at

_____; that I am employed by _____ in the capacity of

_____; that I have read a copy of the Confidentiality Stipulation and Protective Order

("Protective Order") entered in this case on _____

_____, 2003; that I recognize that during my participation in this case, I may have occasion to read or hear matters that are designated "Confidential Information," "Outside Counsel Only Information, " or "Patent Prosecution Bar Information;" that I agree not to disclose any such confidential matter to any person not entitled to receive disclosure of the same under the provisions of such Protective Order; that I agree to use any such confidential matter solely for the purposes appropriate to my participation in this case; and that I agree to abide by said Protective Order in every respect.

By: _____
Print Name: _____

SUBSCRIBED AND SWORN TO
before me this _____ day
of _____, 2003.
_____ (SEAL)
Notary Public

16

002.1047636.5